Henry E. HOWELL, Jr., et al.

v.

UNITED STATES of America, etc., et al.

Civ. A. No. 216–69.

United States District Court
E. D. Virginia,
Richmond Division.

June 5, 1969.

Henry E. Howell, Jr., Norfolk, Va., for plaintiffs.

David G. Lowe, Richmond, Va., for United States and I.C.C.

John W. Riely, H. Murrell Pasco, Richmond, Va., for Norfolk & W. Ry. Co.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiffs herein have filed a complaint naming as defendants the United States

of America, Interstate Commerce Commission, and the Norfolk and Western Railway Company, a corporation. Plaintiffs pray that the Court take jurisdiction of the matters in controversy, as well as for a temporary injunction, the convening of a three-judge federal court by reason of alleged Constitutional questions as well as alleged statutory provisions applicable to an appeal of actions of the Interstate Commerce Commission, and finally that a permanent injunction be granted directed to the Interstate Commerce Commission to issue an order requiring the corporate defendant to continue in operation a certain train for a period of not less than four months, and that the corporate defendants be enjoined from discontinuing the operation of said train pending a final order of the Interstate Commerce Commission.

Defendants have appeared and moved the Court to dismiss for lack of jurisdiction.

The Court having studied the sworn complaint, the affidavits and exhibits filed therewith, as well as the motion to dismiss and affidavits and exhibits filed on behalf of the corporate defendant, and the motion to dismiss filed on behalf of the Interstate Commerce Commission, and having heard argument of counsel and considered the memoranda filed on behalf of all parties, the Court finds from the pleadings and affidavits that on or about April 22, 1969, the defendant, Norfolk and Western, filed with the Interstate Commerce Commission, in accordance with the provisions of Title 49 U.S.C. § 13a(1), a statement relating to its intended discontinuance of certain passenger train service between Norfolk, Virginia and Cincinnati, Ohio. It is alleged and admitted that pursuant to statutory grant, defendant railway gave such notice as required under the provisions of 49 U.S.C. § 13a(1), and that thereafter the Interstate Commerce Commission, then having before it a motion by one of the instant plaintiffs for leave to intervene and for a continuance of the railway's application to discontinue the aforementioned trains, as well as a protest and petition filed by the State Corporation Commission of Virginia asking that the Interstate Commerce Commission order the defendant railway to continue the operation of the trains for a period of at least four months and institute an investigation of the proposed discontinuance, did, on May 9, 1969, the Court finds, issue a notice evidencing its intention not to enter into an investigation of the proposed discontinuance. Said discontinuance was to be, and was effective May 23, 1969. Five days after the Commission's notice on May 9, 1969, one of the instant plaintiffs filed with the Commission a petition to reconsider its intention to forego an investigation and that the rail service be continued pending such reconsideration. An additional petition to reconsider was filed by another of the instant plaintiffs under date of May 17, 1969. On May 21, 1969, the Commission granted the instant plaintiffs' petitions for reconsideration and ordered an investigation of the proposed discontinuance. On May 23, 1969, the railway service of trains Nos. 15–25 and 16–26 were discontinued in accordance with the application therefor and by virtue of the Commission's failing to, within the statutory period, disapprove said discontinuance.

It is argued by plaintiffs that this Court has jurisdiction to consider the issuance of an injunction by reason of the provisions of Title 49 U.S.C.A. § 17 (9), having to do with judicial relief from decisions, etc., upon denial or other disposition of application for rehearing, etc. In short, plaintiffs allege that having been successful in their motion before the Commission to have the Commission reconsider its original determination to forego an investigation, that this Court now has jurisdiction to issue a temporary, mandatory injunction directing the Commission to order the defendant railway company to resume the train service in effect during the pendency of the Commission's pending investigation.

The Court finds, as a matter of law, that the defendant, Norfolk and

Western, had the right under the circumstances to discontinue the train service which is the subject matter of this action, by virtue of the Transportation Act of 1958, 49 U.S.C. § 13a(1). That particular section provides that a carrier may file with the Commission, and upon such filing shall mail to the Governor of each state in which such train is operated, and post in every station depot or other facility served thereby, notice at least 30 days prior to any such proposed discontinuance or change. This section further provides that after filing such notice the carrier may discontinue operation pursuant to such notice unless within the 30 day period aforementioned the Commission enter upon an investigation of the proposed discontinuance or change. That section further provides that upon the conductance of any such investigation, the Commission may, by issuing and serving upon the carrier affected at least 10 days prior to the date on which any such discontinuance would otherwise have become effective, require such train to be continued in operation or service, in whole or in part, pending the hearing and decision in such investigation, but not for a longer period than 4 months beyond the date when such discontinuance or change would otherwise have become effective.

■ It is obvious from a reading of that section that the Congress, in enactment thereof, gave consideration to situations wherein during said investigation a discontinuance or change might become effective. The statute, itself, specifies that after the investigation the Commission has authority, under certain prescribed conditions, to "require the continuance or *restoration* of operation or service of such train * * *." It is apparent, therefore, that until the Commission has concluded its investigation, it lacks the power to order a restoration of the train service.

It can hardly be argued that if the Commission is prohibited by legislative limitations to issue any such order, the statutory period having expired, that this Court has the authority to direct the Commission to contravene Congressional expression. See Sludden v. United States, D.C., 211 F.Supp. 150, 154.

■ Separating the chaff from the wheat, what plaintiffs, in essence, contend is that the Commission had no right in the first instance not to conduct an investigation, and further that the Commission was bound to require the continuance of the train service during such investigation for a period not to exceed four months. This argument loses its viability by reason of the fact that it is within the Commission's exclusive discretion as to whether it should investigate, and whether it should affirmatively require the continuance of the train service during said investigation. Such discretionary powers are not subject to judicial review.

Defendants argue that under no circumstances does the Court have jurisdiction even after the Commission has concluded its investigation and entered a final order. This Court, in view of its conclusions in reference to the instant motion, is not required to rule upon that contention, hence specifically refrains from addressing itself to it.

■ Having concluded that the Commission, itself, is at this juncture of the proceedings without power to order the restoration of train service, it follows that this Court is without jurisdiction to direct it to do that which Congress has forbidden, unless § 13a(1) be deemed to be unconstitutional, and this, this Court cannot say.

■ The failure of the Norfolk and Western Railway Company to notify petitioner in the first instance of its intention to file its notice with the Interstate Commerce Commission, and the failure of the Commission in the first instance to conduct an investigation, fall far short of violation of the due process requirements of the Constitution.

■ It may well be that the Commission's ultimate findings will be such as to result in the resumption of the train

service in issue, in which event this entire matter becomes moot. On the other hand, should the Commission's findings based upon information before it be such as to permit the discontinuance of the train service, the instant plaintiffs, and others like situate would not be precluded, by reason of the Court in this case, from taking such further judicial action as they may deem appropriate.

The statutory provisions referred to by the plaintiffs both in their complaint and in their memorandum, having to do with the power of the Court to issue injunctions and the requirement for a three-judge court, are, in this instance, simply not applicable.

The Court having concluded that in the present posture of the case that it is without jurisdiction, the respective defendants' motion to be dismissed will be sustained.