**IOWA STATE COMMERCE COMMISSION, Plaintiff,**

v.

**The UNITED STATES of America, and the Interstate Commerce Commission, and The Chicago, Rock Island and Pacific Railroad Company, Defendants.**

**Civ. No. 10–34–C–2.**

United States District Court,
S. D. Iowa, C. D.

June 2, 1970.

Leo J. Steffen, Jr., Commerce Counsel, and Daniel J. Fay, Asst. Commerce Counsel, Iowa State Commerce Commission, Des Moines, Iowa, for plaintiff.

Allen L. Donielson, U. S. Atty., and Claude H. Freeman, Asst. U. S. Atty., Des Moines, Iowa, for defendants United States and I.C.C.

B. A. Webster, J. H. Martin, R. A. Gamble, Des Moines, Iowa, and T. E. Desch and T. I. Megan, Chicago, Ill., for defendant Chicago, Rock Island and Pacific Railroad Co.

HANSON, District Judge.

This ruling is predicated upon Defendant Chicago, Rock Island and Pacific Railroad Company's motion to dismiss for want of subject matter jurisdiction. This motion, together with Plaintiff's motion for temporary restraining order, came on for full hearing and argument. The Court concludes that subject matter jurisdiction for the maintenance of this action does not exist.

On April 29, 1970, the Chicago, Rock Island and Pacific Railroad Company filed a notice with the Interstate Commerce Commission that effective May 31, 1970, the said carrier would discontinue service

of its passenger trains Nos. 7 and 10 between Chicago, Illinois and Council Bluffs, Iowa. Interstate Commerce Act Section 13a(1). Complaints were filed with the I.C.C. requesting suspension of the discontinuance. Thereafter, the I.C. C. ordered an investigation of the proposed discontinuance but did not require the continued operation of the trains during the pendency thereof.

The latter action of the Commission is now attacked in Plaintiff's complaint for injunctive relief. Section 13a(1) provides in part:

A carrier * * * may * * * file with the Commission * * * notice at least thirty days in advance of any such proposed discontinuance or change. The carrier or carriers filing such notice may discontinue or change any such operation or service pursuant to such notice except as otherwise ordered by the Commission pursuant to this paragraph, the laws or constitution of any State, or the decision or order of, or the pendency of any proceeding before, any court or State authority to the contrary notwithstanding. Upon the filing of such notice the Commission shall have authority during said thirty days' notice period, either upon complaint or upon its own initiative without complaint, to enter upon an investigation of the proposed discontinuance or change. Upon the institution of such investigation, the Commission * * * may require such train or ferry to be continued in operation or service, in whole or in part, pending hearing and decision in such investigation * * *.

The issue for determination is whether this Court, prior to final hearing and order of the I.C.C., has any jurisdiction under Section 13a(1) to grant the relief requested here. Case law clearly indicates an absence of such jurisdiction.

The Court in State of New Jersey v. United States, 168 F.Supp. 324, 329, affirmed 359 U.S. 27, 79 S.Ct. 603, 3 L.Ed. 2d 625, holds:

* * * Section 13a(1) clearly leaves to the absolute discretion of the Commission the determination of whether or not it, upon receipt of a complaint directed against a railroad's notice of intention to discontinue service, shall make any investigation of the matter or avail itself of its temporary veto power by way of suspension within the limitations of the Act. The Act is self-implementing insofar as it affords authorization to a carrier to discontinue service. No provision is made for any action of the Commission to render such authorization effective. * * Obviously, therefore, the provisions of 28 U.S.C. Section 1336 do not clothe us with jurisdiction here.

Whether the Commission should make an investigation of a Section 13a(1) discontinuance is of course within its discretion, a matter which is not reviewable. City of Chicago v. United States, 396 U.S. 162, 165, 90 S.Ct. 309, 311, 24 L.Ed.2d 340 (1969).

In Howell v. United States, 302 F.Supp. 772, 774 (1969), the Court held that: .

* * * It is apparent, therefore, that until the Commission has concluded its investigation, it lacks the power to order a restoration of the train service.

* * * * * *

Having concluded that the Commission, itself, is at this juncture of the proceedings without power to order the restoration of train service, it follows that this Court is without jurisdiction to direct it to do that which Congress has forbidden, unless Section 13a(1) be deemed to be unconstitutional, and this, this Court cannot say.

The latest pronouncement of the Supreme Court is in accord with the above authority. See City of Chicago v. United States, 396 U.S. 162, 90 S.Ct. 309 (1969).

The instant jurisdictional defect is in large part a matter of timeliness. It is fundamental that final orders of the I.C. C. under Section 13a(1) are reviewable by the Courts. The requisite finality is at this time lacking to permit the Court

to grant the relief requested. No one doubts that when the Commission makes a final determination then it will be within the courts' province to review upon request such action.

This result renders unnecessary any consideration of the request for a temporary restraining order.

Accordingly, it is hereby ordered that the Defendant Chicago, Rock Island and Pacific Railroad Company's motion to dismiss for want of subject matter jurisdiction is sustained. It is further ordered that the companion motion of the Interstate Commerce Commission to dismiss for want of subject matter jurisdiction is sustained. Petition ordered dismissed.