**UNITED TRANSPORTATION UNION, Plaintiff,**

v.

**UNITED STATES of America and Burlington Northern, Inc., Defendants.**

**No. 3–70–232.**

United States District Court,
D. Minnesota,
Third Division.

Oct. 27, 1970.

Rerat, Crill, Foley & Boursier, Minneapolis, Minn., for plaintiff.

Robert G. Renner, U. S. Atty., Minneapolis, Minn., for defendant, the United States.

Arthur M. Toback, Atty., I. C. C., D. C., for I. C. C.

Frank Farrell and Reginald Ames, St. Paul, Minn., for defendant Burlington Northern, Inc.

Before HEANEY, Circuit Judge, and LORD and NEVILLE, District Judges.

MEMORANDUM AND ORDER

PER CURIAM.

On July 27, 1970, Burlington Northern, Inc., filed, pursuant to Section 13a(1) of the Interstate Commerce Act, a notice and supporting papers stating that it would discontinue operation of Passenger Train Nos. 39 and 54 between the Twin Cities and Duluth effective August 31, 1970. By notice served August 20, 1970, the Interstate Commerce Commission directed an investigation of the proposed discontinuance but permitted the Bur-

lington to discontinue operating the trains pending the investigation.

The United Transportation Union then sought a temporary restraining order requiring continued operation of the trains pending the conclusion of the investigation. The defendants asked that the Union's petition be dismissed on the grounds that this Court was without jurisdiction.

Memoranda were filed by all parties and the Court heard oral argument.

Because of highly unsatisfactory docketing procedures employed by the Commission, we were unable to determine whether all protests to the discontinuance had been received and considered by the Commission. Indeed, counsel for the Commission indicated that the Union's protest had not been docketed. We also were unable to determine whether a letter in support of the Commission's action had been properly docketed. In light of these facts, we required the Commission to submit to us the Examiner's recommendation and report, as well as the contents of the docket, so that we could determine whether any of the parties to this proceeding had been denied fundamental due process.

The required documents have now been submitted. We conclude from them and from all the evidence that the Commission did follow the applicable statute and the regulations, and that there has been no denial of due process. The division of the Commission acting on the matter had before it the protests of the Public Service Commission of Wisconsin, the United Transportation Union and other railway unions, numerous municipalities, the University of Minnesota, the College of St. Scholastica, a number of senators and congressmen, many state legislators and hundreds of private citizens. It also had before it the resolution of the Public Service Commission of the State of Minnesota supporting the discontinuance of the trains.

The evidence overwhelmingly supports the continuance of the trains during the investigation. Indeed, the only evidentiary support for the discontinuance comes from the Minnesota Public Service Commission. If we had any discretion in this type of proceeding, we would require the restoration of the trains pending the investigation. We would do so because the record shows that the need is great for rail transportation between the Cities, that the Burlington is in sound financial condition and that Congress has enacted legislation authorizing the subsidization of passenger routes between certain cities within the United States. Rail Passenger Act of 1970, H.R. 17849, Oct. 14, 1970, 84 Stat. 1327.[1] But we do not have discretion, in this proceeding, to countermand the discontinuance absent a showing that procedural or substantive due process has not been afforded the parties. City of Chicago v. United States, 396 U.S. 162, 90 S.Ct. 309, 24 L.Ed.2d 340 (1969); New Jersey v. United States, 359 U.S. 27, 79 S.Ct. 603, 3 L.Ed.2d 625 (1959); Iowa State Commerce Commission v. United States, 313 F.Supp. 648 (S.D. Iowa, June 2, 1970).

The Union additionally contends that the Interstate Commerce Commission should be required to reinstate Train Nos. 39 and 54 because the Commission Chairman represented to Congressman John A. Blatnik of Minnesota that the trains would be continued pending the outcome of the investigation. While this is another example of loose administrative procedures, we conclude that the representation cannot serve to estop an appropriate division of the Commission from acting in a manner inconsistent with the statement of the Chairman.

Accordingly, it is hereby ordered that the defendants' motion to dismiss for lack of jurisdiction is sustained.

---

1. The Interstate Commerce Commission has indicated that, in deference to this legislation, it is unlikely that it will permit the discontinuance of any additional passenger trains before the President designates tentative routes for a national passenger train network.