M. F. RADRIZZI, T. O. McMahon and K. L. Brockman et al., Appellants,

v.

INTERSTATE COMMERCE COMMISSION and Chicago, Rock Island and Pacific Railroad Company, Appellees.

No. 20594.

United States Court of Appeals, Eighth Circuit.

May 10, 1971.

Gordon P. MacDougall, Washington, D. C., for appellants.

Robert B. Nicholson, Atty., Dept. of Justice, Washington, D. C., for appellees, United States and Interstate Commerce Commission.

Thomas I. Megan, Chicago, Ill., for appellee, Chicago, Rock Island and Pacific RR. Co.

Before ALDRICH,* LAY and BRIGHT, Circuit Judges.

ALDRICH, Circuit Judge.

This is an appeal by certain plaintiff-intervenors, hereinafter plaintiffs, representatives of employees of the Chicago, Rock Island and Pacific Railroad, from the dismissal of a complaint which sought to reverse a decision of the Interstate Commerce Commission not to require continued operation of two passenger train runs pending a section 13a(1) (49 U.S.C. § 13a(1)) investigation as to the public interest in the train's continuance. The complaint, naming the railroad and the Commission as defendants, sought the designation of a three-judge district court and a mandatory order requiring continuation of the runs pending the I.C.C. investigation and decision.

The railroad's notice that it would discontinue the train was duly filed and posted on April 29, 1970. The proposed discontinuance was to take effect on May 31. On May 19 the Commission entered an order of investigation as provided by the statute, but, in a decision within its authority under section 13a(1), did not require the train's interim continuance. The complaint to review this decision was filed on May 28 by the Iowa State Commerce Commission, the train in question running daily, once each way, from Chicago, Illinois to Council Bluffs, Iowa. On June 1 the train was discontinued. On the same day plaintiffs were allowed to intervene, and the defendants filed motions to dismiss for want of subject matter jurisdiction. These motions were allowed the following day, with opinion. Iowa State Commerce Comm. v. United States, D.C., 313 F.Supp. 648. Instead of seeking immediate review, plaintiffs filed a motion for reconsideration, which was denied on July 6. Plaintiffs delayed until September 4 to file their appeal.

Plaintiffs' position is that since the complaint seeks "to set aside [in part an] order of the * * * Commission" and an injunction, jurisdiction lies, of necessity, in a three-judge district court under 28 U.S.C. § 1336(a) and §§ 2321–2325. Defendants reply that a single district judge asked to convene a three-judge court is under the duty to request the three-judge court only if the complaint at least conceivably states a claim over which the court has jurisdiction, a proposition with which we agree. See Flast v. Cohen, 1968, 392 U.S. 83, 91 n. 4 and cases cited, 88 S.Ct. 1942, 20 L.Ed.2d 947. We also agree that appeal from the single judge's conclusion that there was no question, and his consequent failure to make the request, lies to us. Mengelkoch v. Industrial Welfare Comm., 1968, 393 U.S. 83, 89 S.Ct. 60, 21 L.Ed.2d 215; Schackman v. Arnebergh, 1967, 387 U.S. 427, 87 S.Ct. 1622, 18 L.Ed.2d 865; Idlewild Bon Voyage Liquor Corp. v. Epstein, 1962, 370 U.S. 713, 716, 82 S.Ct. 1294, 8 L.Ed.2d 794. Defendants further say that plaintiffs' claim is moot.

* Of the First Circuit, sitting by designation.

Under section 13a(1), following a notice of proposed discontinuance of a train, the Commission has 30 days within which it may order an investigation. In connection therewith it may order that the train not be discontinued, pending the investigation, for a period not to exceed four months. At the conclusion of the investigation the Commission may order the continuation, or restoration, as the case may be, of the service, in whole or in part.

In the light of City of Chicago v. United States, 1969, 396 U.S. 162, 90 S.Ct. 309, 24 L.Ed.2d 340, it is no longer open to the defendants to say that since a notice of discontinuance is self-effecting, the Commission's refusal to intervene with an interlocutory order is a non-order, and cannot meet the definition of "order" within section 1336(a). City of Chicago resolved a long-time difference of opinion among the district courts and held that a non-order was in effect a negative order, falling within the statute. See Rochester Telephone Corp. v. United States, 1939, 307 U.S. 125, 141–143, 59 S.Ct. 754, 83 L.Ed. 1147. The actual holding in City of Chicago was that when the Commission, following a section 13a (1) notice of discontinuance, conducted an investigation but thereafter permitted the discontinuance to become effective, its decision not to act was reviewable.

At the same time, the Court reaffirmed its earlier holding that no review lies if the Commission concludes not to investigate at all.

"Whether the commission should make an investigation of a § 13a(1) discontinuance is of course within its discretion, a matter which is not reviewable New Jersey v. United States, [D.C.] 168 F.Supp. 324, aff'd, 359 U.S. 27 [79 S.Ct. 603, 3 L.Ed.2d 625]" 396 U.S. at 165, 90 S.Ct. at 311.

Plaintiffs point out that the Court in City of Chicago based its distinction on the fact that if the Commission does make a "decision to investigate [this] indicates that a substantial question exists under the statutory standards." 396 U.S. at 166, 90 S.Ct. at 311. However, the Court said more than this; it referred to the statutory duty to make a report at the conclusion of the investigation, 49 U.S.C. § 14(1), a clear implication that the report was to create a record for review. No such obligation is attached to a decision not to investigate, or to grant, or not to grant, interim relief. In all of these instances the reviewing court would find itself with no record. Asked of this dilemma in oral argument, plaintiffs offered no answer. The answer which suggests itself to us is that Congress intended no review.

We are confirmed in this belief by the fact that the statute provides that the Commission, had it made an interim order of continuance, could have done so "not for a longer period than four months beyond the date when such discontinuance or change would otherwise have become effective." Whether the question be looked at in terms of reviewability, or simply in terms of present mootness of review of the Commission's decision, four months is a very short time for courts to dispose of a matter, particularly if it is to include the appellate process. This practical fact seems corroborative of our interpretation that Congress intended the Commission to have final discretion with respect to its interim power.

Plaintiffs make an alternative claim, that the district court, apart from review of the decision by the Commission, itself has power to grant interim relief, not restricted to four months, pending the ultimate resolution of the investigation. For this they cite City of Williamsport v. United States, M.D.Pa., 1967, 273 F. Supp. 899, aff'd 392 U.S. 642, 88 S.Ct. 2286, 20 L.Ed.2d 1348. We have some question as to the relevance of that decision. It was there held that where the Commission had made an affirmative four-month order the court could continue it in force by means of an injunction so as to preserve the status quo, so that existing passengers and good will would not be lost should the Commission ultimately conclude to retain the service.

A very different question is presented as to a court's power to initiate an interim resumption of service following the Commission's refusal and after the benefits of continuous service have been dissipated. But the short answer to this claim is that if there be such a power plaintiffs may apply to the three-judge district court before which they are presently seeking review of the Commission's now final order declining to order restoration of the service.

Affirmed.