## HEITSCH v. KAVANAGH.

### No. 11513.

United States Court of Appeals
Sixth Circuit.

Nov. 19, 1952.

Robert D. Heitsch, Pontiac, Mich. (Robert D. Heitsch, Pontiac, Mich., on the brief), for appellant.

I. Henry Kutz, Washington, D. C. (Ellis N. Slack, Helen Goodner and Walter Akerman, Jr., Washington, D. C., Joseph C. Murphy and Roger P. O'Connor, Detroit, Mich., on the brief), for appellee.

Before SIMONS, Chief Judge, and Mc-ALLISTER and MILLER, Circuit Judges.

**PER CURIAM.**

Appellant, as Executor of the Estate of Janet H. Heitsch, deceased, filed suit to recover estate taxes paid by him under protest, attacking various pertinent Internal Revenue Code provisions as unconstitutional. He contends that Section 3760(a) and (b), and Section 3761(a) of Title 26 U.S.C.A.,[1] authorizing compromises and closing agreements, are an attempt to confer legislative functions upon the executive department of the government, in violation of Article I, Section 1, of the Federal Constitution, vesting all legislative power in Congress; that the foregoing sections purport to authorize officers of the executive branch to substitute their judgment for legislative authority so as to arrive at a tax which could represent a different percentage of the value of each similar estate in any part of the United States, contrary to Article I, Section 8, of the Constitution, which requires all duties, impositions, and excises to be uniform throughout the United States; that Section 811(c)[2] governing transfers, in contemplation of death or taking effect at death, purported to deprive appellant's decedent of the opportunity afforded others with like estates who did not die within a period of two years after the first effective date of the estate tax, to dispose of her estate by gift, inasmuch as on such effective date, she was confined to a hospital with illness which caused her death; that the difference between estate and gift tax rates was so great as to violate Article I, Section 8, of the Constitution, and also amounted to taking property for public use without just compensation and without due process of law, in derogation of the Fifth Amendment; that no adequate machinery is provided to procure equalization of assessment for estate tax purposes under the estate tax provisions throughout the United States, resulting in the lack of uniformity required by Article I, Section 8; that estate tax rates effective under Section 935 of

---

1. 26 U.S.C., 1946 Ed.

2. Internal Revenue Code, as amended by Section 7 of Act of October 25, 1949, c. 720, 63 Stat. 891.

180

the Internal Revenue Code [3] were, on September 21, 1941, as to persons dying after that date, so excessive as to deprive beneficiaries of estates of property without due process of law and without just compensation, contrary to the Fifth Amendment; that estate tax provisions encroach upon the exclusive functions of the states to control descent and distribution of property, because of the fact that the rates are so excessive that they can not be regarded as a mere taxing incident, and that the machinery set up for administration of the Act and the actual attempt to administer it are so inadequate that they unreasonably interfere with and prolong, beyond a point of any reasonable taxing incident, the administration of estates, which is merely a state function, in violation of the Tenth Amendment reserving such rights to the states; that the difference between taxes on transfers by gift and disposition of property by will or descent is an attempt to induce dispositions by gift during lifetime rather than by will or descent; that power over such policy was expressly reserved to the states, and under no provision of the Constitution, is delegated to the federal government.

■ The above mentioned sections of the statute granting authority to the administrative officers named therein to settle and compromise matters relating to tax liability, require them to assess and collect taxes according to the specific rates and incidence of taxation, as set forth in various sections of the Internal Revenue Code. No authority is conferred therein to apply other rates or to exclude taxable items.

■ In this case, the constitutional questions with respect to Section 3760(a) and (b) and Section 3761(a) and (b) of the Internal Revenue Code are not properly before us for adjudication, for these provisions are concerned with closing agreements and compromises of tax cases; and it was stipulated that no closing agreement or compromise was proposed or entered into in this case, and the district court made findings to this effect. Ap-

pellant, therefore, has not shown that he is within the class of persons with respect to whom the Act is claimed to be unconstitutional, and that the alleged unconstitutional features injure him; and it is fundamental that constitutional questions will not be decided upon hypotheses, or in advance of the necessity for an adjudication. These statutory provisions, in any event, merely provide administrative devices to facilitate the execution of the revenue laws.

■ As to the uniformity of the estate tax, the constitutional requirement of uniformity of excise taxation is satisfied when, by the provisions of the tax law, the rule of liability under it is the same in all parts of the United States. The same estate tax rates are applied generally throughout the United States. Opportunities to settle and compromise disputes as to the existence of tax liabilities are available to all taxpayers throughout the nation under the existing provisions of the Internal Revenue Code. Hence, the federal estate tax statute meets the constitutional test of uniformity.

■ As to the requirement of inclusion within the gross estate of the value of property transferred in contemplation of death, and the provision for a rebuttable presumption that any transfer of a material part of such property made by a decedent within two years prior to his death, was made in contemplation of death, it appears that no such transfers made by decedent within her lifetime were included in her taxable estate. The attack upon the constitutionality of the statute because of these requirements and provisions is, for appellant, based purely on a hypothesis. He does not come within the class of persons with respect to whom the Act is unconstitutional and who suffer thereby.

■ The fact that there were differences of considerable amount between gift taxes and estate taxes does not result in the taking of property without due process of law. It was within the power of Congress to tax both gifts and estates and its motives are not open to judicial

3. As amended by Section 401 of the Revenue Act of 1941, c. 412, 55 Stat. 687.

scrutiny. Moreover, the contention that the estate tax rates were so excessive as to constitute the taking of property without due process of law, contrary to the Fifth Amendment, is without merit. Appellant only refers to the tax paid by the estate of which he is executor, and nothing is submitted to overcome the presumption of the constitutionality of the Act. The argument that the variance between the gift tax rates and the estate tax rates in effect on November 8, 1941, constituted an attempt by Congress to control the devolution of property in derogation of the rights secured to the states can not be sustained; and the same may be said of appellant's contention that Congress, in the statutory provisions governing the estate tax, attempted to induce disposition by gift during lifetime rather than by will or descent. The motives of Congress in enacting laws are beyond the scope of judicial inquiry for the purpose of questioning such legislation. The burden is upon one who attacks the constitutionality of a statute, and the presumption is in favor of constitutionality. We find no denial of due process in the statutory provisions.

In consideration of the foregoing, the judgment of the district court is affirmed.