**Shirley M. ROWAN, Plaintiff-Appellant,**

v.

**Floyd PINNELL et al., Defendants-Appellees.**

No. 71–1480.

United States Court of Appeals, Fifth Circuit.

Nov. 23, 1971.

As Amended Feb. 3, 1972.

---

964

Maxine T. McConnell, Eugene L. Smith, Walter W. Steele, Jr., Dallas, Tex., for plaintiff-appellant.

Crawford C. Martin, Atty. Gen., Ivan R. Williams, Jr., Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., J. C. Davis, Asst. Atty. Gen., Austin, Tex., for defendant-appellee State of Tex.

J. Glenn Turner, Jr., James J. Hartnett, of Turner, Hitchins, McInerney, Webb & Hartnett, Dallas, Tex., for defendants-appellees Floyd Pinnell et ux. Jerry Pinnell.

Henry Wade, Crim. Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, Tex., for defendant-appellee Ted Robertson.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

Rowan attacks the constitutionality of the statutory notice procedures of the Texas child custody and adoption statutes, seeking declaratory and injunctive relief by a three judge district court and damages. This appeal is from an order of the district court denying the request for a three judge court and dismissing without prejudice the constitutional claim. We affirm.

Rowan is the mother of Joyce Arms, a six year old child. A petition to declare the child dependent and neglected was filed by appellees Floyd and Jerry Pinnell in February of 1970 under Article 2331 of the Texas Civil Statutes.[1]

1. Art. 2331. Who may institute proceedings

Any person who is a resident of the county, having knowledge of a child in his county who appears to be a "dependent" or "neglected" child may file with the district clerk of his county a written petition, setting forth the facts constituting the child "dependent" or "neglected;" which petition shall be verified by the affidavit of the petitioner. It shall be sufficient, if the affidavit shall be upon information and belief. Such petition shall set forth the name of the parent or parents of such child, if known, and their residence; and if such child has no

Judgment was entered on the petition finding the child to be dependent and granting the Pinnells custody over her. In May of 1970 the Pinnells filed a petition for the adoption of the Rowan child, and a decree of adoption was entered on July 22.

Article 2332 of the Texas Civil Statutes requires that notice of an Article 2331 proceeding be given to the natural parents. Whether notice must be given to the natural parents in an adoption proceeding under Article 46a(6) of the Texas Civil Statutes[2] following a 2331 dependency judgment is a question undecided by the courts of Texas and is manifestly unclear from the face of the statute.

It is undisputed that Rowan received no notice of the Pinnell's petition for the adoption of her child. She urged in the district court that a purported waiver of notice over her signature, attached to the 2331 petition filed by the Pinnells, was obtained by them by trickery and fraud. The validity of the waiver of notice in the 2331 dependency proceeding, and the legal issue of whether notice is required by Article 46a(6) in a subsequent adoption proceeding, remain unresolved.

Rowan seeks to have the statutory basis for the Texas adoption procedure declared unconstitutional when, as here, articles 2330–2337 and 46a are applied in combination to allow a 2331 dependency judgment to serve as the basis for an adoption of the same child without further notice to the natural parent under 46a(6). She contends that the absence of notice to the natural parents in the adoption proceeding deprived her of parental rights in violation of the substantive and procedural due process guarantees of the Federal Constitution, regardless of the presence or absence of notice in the prior 2331 proceeding.

The first issue raised by Rowan is without merit. Her 28 U.S.C.A. § 2281 request to have a three-judge district court convened to enjoin the operation of the Texas Statutes as unconstitutional was denied by the Chief Judge of this Court. She assigns this as error. This case was properly heard before a single district judge. The question was plainly insubstantial because it was obviously without merit, Ex parte Poresky, 1933, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152, the complaint failed to allege a basis for equitable relief, and the case presented otherwise did not come within the requirements of the three-judge statute. Idlewild Bon Voyage Liquor Corp. v. Epstein, 1962, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794.

Secondly, the district court's dismissal of Rowan's constitutional claim was unquestionably proper. That claim will remain hypothetical and contingent at least until the courts of Texas have determined the factual issue of whether or not she received valid notice of the pendency of the 2331 proceeding. "A controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." Brown & Root, Inc. v.

parent living, then the name and residence of the guardian of such child, if it has one.

2. Article 46a(6) provides in pertinent part as follows:

(c) Consent shall not be required of parents whose parental rights have been terminated by order of the Juvenile Court or other court of competent jurisdiction; provided, however, that in such cases adoption shall be permitted only upon the written order of the court terminating such parental rights. In the order the court shall include a statement indicating whether each parent appeared or had actual notice of the proceedings to terminate his parental rights. Such written order of the court giving consent for the adoption of such child shall be confidential and shall be filed with and made a part of the confidential records in the adoption proceedings, and shall be open for inspection only under such conditions and through such procedures as are prescribed by law for the inspection of the confidential adoption records in the court.

Big Rock Corporation, 5 Cir. 1967, 383 F.2d 662, 665. *See also* Thorpe v. Housing Authority, 1969, 393 U.S. 268, 284, 89 S.Ct. 518, 21 L.Ed.2d 474; Culombe v. Connecticut, 1961, 367 U.S. 568, 636, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (Warren, C. J., concurring); Alabama Fed. of Labor State, etc. v. McAdory, 1945, 325 U.S. 450, 461, 65 S.Ct. 1384, 89 L.Ed. 1725; Anniston Mfg. Co. v. Davis, 1937, 301 U.S. 337, 353, 57 S.Ct. 816, 81 L.Ed. 1143; Heitsch v. Kavanagh, 6 Cir. 1952, 200 F.2d 178, 180, cert. denied, 345 U.S. 939, 73 S.Ct. 829, 97 L. Ed. 1365. A claim in such posture does not present a justiciable case or controversy to which the federal judicial power extends under Article III, § 2 of the Constitution. *See* Aetna Life Ins. Co. v. Haworth, 1937, 300 U.S. 227, 239–241, 57 S.Ct. 461, 81 L.Ed. 617.

Affirmed.