**Augusta SVEJKOVSKY, Petitioner,**

v.

**The Honorable Edward A. TAMM, District Judge of the United States District Court for the District of Columbia, Respondent.**

**No. 18219.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 21, 1963.

Decided Dec. 12, 1963.

Bastian, Circuit Judge, dissented.

Mr. Leonard B. Boudin, Washington, D. C., for petitioner.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Mr. David C. Acheson, U. S. Atty., was on the pleadings, for respondent.

Before BAZELON, Chief Judge, and BASTIAN and WRIGHT, Circuit Judges.

PER CURIAM.

Petitioner brought an action in the District Court against the Secretary of State requesting, *inter alia,* an injunction against the enforcement of Section 352(a) (1) of the Immigration and Nationality Act, 66 Stat. 269, 8 U.S.C. § 1484(a) (1), on the ground of its alleged unconstitutionality. As the Government concedes, this suit must be heard and determined by a court of three judges. 28 U.S.C. §§ 2282, 2284. The single judge, however, failed to take the neces-

sary steps to have a three-judge court convened. Instead, on the motion of the Secretary of State, he stayed further proceedings pending the outcome of a pending Supreme Court case raising the same or similar issues.

In Frank v. McLaughlin, D.C. Cir., No. 14,972, March 16, 1959, where the District Court had stayed proceedings in one suit against the Secretary of State pending the outcome on appeal of another similar case, we decided that such a stay was improper and that mandamus would lie to require the District Court to "proceed and consider this case in the regular course of its business." If such a stay is deemed proper here, under § 2284 it should, in any event, be granted by the court of three judges, and not by the single judge who is required to initiate the three-judge proceedings.

This court is not powerless to give guidance to the single judge in § 2284 situations. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 716, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962). No final action will now be taken, however, on the petition for writ of mandamus, as we assume that the District Court will take appropriate action in vacating the stay and in requesting a three-judge court pursuant to § 2284(1).

An appropriate order will issue.

BASTIAN, Circuit Judge (dissenting).

Assuming *arguendo* that this court has jurisdiction to grant the relief requested (a matter of grave doubt, because it seems to me that under 28 U.S. C. § 1253 appellate jurisdiction is vested in the Supreme Court), I would not require the District Court to act until the Supreme Court resolves the constitutional issue in Schneider v. Rusk, 375 U.S. 893, 84 S.Ct. 173, 11 L.Ed.2d 123, decided by a three-judge court on May 21, 1963, 218 F.Supp. 302 (D.D.C.1963).

Inasmuch as the constitutional issue involved here is squarely before the Supreme Court in *Schneider*, it seems clear to me that the District Court exercised sound discretion in withholding action pending the Supreme Court's determination of the issue. This same procedure is commonly used by this court when there is before it a question of law which is also under review by the Supreme Court.

Moreover, there has been no showing that any prejudice would result to the petitioner by awaiting action by the Supreme Court.