**Richard NIXON, Petitioner,**

**v.**

**Hon. Charles R. RICHEY, United States District Court for the District of Columbia, Respondent.**

**No. 75–1063.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 31, 1975.

Herbert J. Miller, Jr., Washington, D. C., argued the motion for petitioner. Raymond G. Larroca, William H. Jeffress, Jr., and R. Stan Mortenson, Washington, D. C., were on the motion for petitioner.

Irwin Goldbloom, Deputy Asst. Atty. Gen., argued for the Administrator of General Services and the United States of America. Carla A. Hills, Asst. Atty. Gen., Irving Jaffee, Deputy Asst. Atty. Gen., and Earl J. Silbert, U. S. Atty., were on the pleading filed in the cause by those parties.

Peter M. Kreindler, Counsel to the Sp. Prosecutor, Watergate Sp. Prosecution Force, for the Sp. Prosecutor as amicus curiae. Henry S. Ruth, Jr., Sp. Prosecutor, and Kenneth S. Geller, Asst. Sp. Prosecutor, were on the pleadings filed in the cause by the Sp. Prosecutor.

Robert E. Herzstein, Washington, D. C., argued for The Reporters Committee for the Freedom of the Press, and others, as amici curiae. Andrew S. Krulwich, Mark J. Spooner, and Leonard B. Simon, Washington, D. C., were on the pleadings filed in the cause by The Reporters Committee for the Freedom of the Press, and others.

William A. Dobrovir, Washington, D. C., argued for Jack Anderson as amicus curiae. Andra N. Oakes, Washington, D. C., was on the pleadings filed in the cause by Jack Anderson.

Leon Friedman, of the bar of the Court of Appeals of New York, pro hac vice by special leave of the Court, argued for Lillian Hellman, and others, as amici curiae. Melvin L. Wulf, New York City, was on the pleading filed in the cause by Lillian Hellman, and others.

Before ROBINSON and WILKEY, Circuit Judges.

### ORDER

On consideration of petitioner's petition for writ of mandamus, for expedited consideration thereof, and of the responses by the parties to the petition, it is

Ordered by the Court that the aforesaid petition is denied for the reasons and on the conditions stated in the attached *Per Curiam* opinion.

### PER CURIAM:

On December 20, 1974, petitioner brought suit in the District Court to enjoin enforcement of the Presidential Recordings and Materials Preservation Act, Pub.L. No. 93–526, 88 Stat. 1695 (1974). That Act undertakes to provide for governmental retention of the Presidential materials of petitioner, including the White House tape recordings. Simultaneously with the filing of the complaint, petitioner applied for the convening of a three-judge court pursuant to 28 U.S.C. § 2282 (1970). The respondent District Judge, to whom the case was assigned, has not yet ruled on this application.

When the Act was passed and when petitioner filed suit to enjoin its operation, three consolidated cases were pending before the District Judge, all of which addressed disposition of the Presidential materials. The Judge is about to rule on the merits of these three cases and thereby to resolve, at the least, issues as to ownership of the materials and privilege against their disclosure. It appears that at least these two issues are common to the consolidated cases and the suit to enjoin execution of the Act.

On January 28, 1975, petitioner filed in this court a petition for a writ of mandamus. The petition asks that we direct the District Judge to act immediately upon the pending application for a three-judge court, in accordance with 28 U.S.C. § 2284 (1970), and further direct advancement of the case to which it relates on the Judge's calendar in preference to the three consolidated cases as assertedly required by section 105(a) of the Recordings and Materials Act.

Section 2282 provides that a suit to enjoin enforcement of an act of Congress on grounds of federal unconstitutionality be heard and determined by a district court of three judges. An application for the convening of such a court is statutorily entitled to expeditious treatment: "[o]n the filing of the application, [the district judge] shall *immediately* notify the chief judge of the circuit . . . ." 28 U.S.C. § 2284(1) (1970) (emphasis supplied). In Svejkovsky v. Tamm, 117 U.S. App.D.C. 114, 326 F.2d 657 (1963), we held that a district judge erred in staying proceedings in such a case pending the outcome of a Supreme Court case raising the same or similar issues, instead of expeditiously deciding whether to proceed to convene a three-judge court. We stated that "[i]f such a stay is deemed proper here, under § 2284 it should, in any event, be granted by the

court of three judges, and not by the single judge who is required to initiate the three-judge proceedings." *Id.* at 115, 326 F.2d at 658. It is to be noted that in *Svejkovsky* the district judge delayed (1) in response to a motion by the Secretary of State, (2) awaiting illumination from the Supreme Court, not from his own pen, and (3) did so in a matter in which there was no statute on the substantive issue involved requiring priority treatment.

Beyond these considerations, the Recordings and Materials Act independently supports petitioner's claim that the District Judge should have acted weeks ago on the three-judge application. Section 105(a) of the Act confers upon the District Court for the District of Columbia "exclusive jurisdiction to hear challenges to the legal or constitutional validity of this title," and specifically provides that "[a]ny such challenge shall be treated by the court as a matter requiring *immediate* consideration and resolution . . .." (emphasis supplied) It is clear that the case for which petitioner sought the three-judge court was a "challenge to the legal or constitutional validity of" the Act. It is equally clear that, as an integral part of his "challenge," petitioner's application for such a court was "a matter requiring immediate consideration and resolution . . .." In these views, we need not consider contentions by one of the amici curiae that Sections 2282 and 2284 are inoperable in the situation at bar.

The District Judge's response in this court recites his diligence with regard to "the case" and his efforts to "move *it* to a conclusion" (emphasis supplied). The response informs us that "[t]he foregoing litigation, which consumes more than a complete legal-sized file drawer of pleadings, briefs and memoranda of law, has had the constant and almost daily attention of the Court since its inception, . . . . In fact, two weekends and the Christmas recess were entirely spent right here in this Courthouse working on this very matter." It is apparent, however, from the context and from the 49

pages of docket sheets filed as exhibits, 46 of which deal with the consolidated cases and only three of which deal with the case in which the three-judge court is requested, that the District Judge's efforts have been devoted stupendously to the case in which he is sitting as a single judge, but only meagerly to the requested three-judge court case challenging the constitutionality of the statute inexorably involved in the consolidated cases.

The record discloses beyond peradventure that the District Judge's plan was to complete work on and decide the consolidated cases before taking up the case attacking the Act. This is evident not only from his disproportionate allocations of time and effort but also from a letter he sent to counsel on January 23, 1975. In relevant part the letter stated:

> Due to unforeseeable circumstances, the court's opinion in the consolidated cases is not finished at this time. Until this opinion and order are finished, and the court is hopeful of having it done early next week, the court will not be able to turn its attention to the above-entitled cause. That will be the next order of business.

This plan presents problems beyond even the long overdue consideration of petitioner's three-judge request. Section 105(a) of the Act distinguishes the treatment to be given "challenges to the legal or constitutional validity of this title," on the one hand, and "any action or proceeding involving the question of title, ownership, custody, possession, or control of any tape recording or material referred to in [the Act] or involving payment of any just compensation which may be due in connection therewith." The section then specifies, not only that "[a]ny such challenge shall be treated by the court as a matter requiring immediate consideration and resolution," as previously discussed, but also that "such challenge shall have priority on the docket of such court over other cases." We have said that the case wherein petitioner seeks a three-judge court was a "challenge" within the contemplation of Sec-

tion 105(a). We now add that as such it was entitled to priority over the consolidated cases—"other cases" because plainly "action[s] . . . involving the question of title, ownership, custody, possession, or control of" materials embraced within the Act.

Particularly in view of the issues common to all cases, and as well the obvious bearing of the Act on all cases, if valid, decision of the consolidated cases at this time could compound the difficulties. For if it should later be determined that petitioner's "challenge" must be heard and decided by a court of three judges, that court will be confronted by decisions of a single judge on some of the issues the three judges are summoned to consider. The interests of justice would seem to require that disposition of the consolidated cases be held up at least until until the three-judge question is put to rest. All matters such as petitions to intervene, delay in the issuance of the opinion in the consolidated cases, etc., should properly be settled by the three-judge court.

We recognize and applaud the prodigious effort the District Judge made to dispose of the consolidated cases. But as worthy as it is, it cannot justify departure from the statutory mandate that there be "immediate consideration and resolution" of petitioner's "challenge" to the validity of the Act. Nor does there seem to be any reason why that mandate cannot be observed at once. The District Judge's response states his intention "to press [petitioner's] claim to a conclusion as fast as possible consistent with the ends of justice and convenience of all concerned." The first step in this would be either to convene a three-judge court, requested of the Judge six weeks ago today, or to decide that no three-judge court is called for, a decision which would be immediately appealable by petitioner to this court. We intimate no view as to what in this regard the District Judge should decide. We hold only that he must decide, and decide now.

The propriety of mandamus in the circumstances presented here is undoubted.

Svejkovsky v. Tamm, *supra,* 117 U.S. App.D.C. at 115, 326 F.2d at 658. No final action on the petition at hand is necessary, however. We assume that the District Judge, now advised of the relevant law, will proceed in accordance with this opinion. Compare Fine v. McGuire, 139 U.S.App.D.C. 341, 344, 433 F.2d 499, 502 (1970); Reed Enterprises v. Corcoran, 122 U.S.App.D.C. 387, 392, 354 F.2d 519, 524 (1965); Svejkovsky v. Tamm, *supra,* 117 U.S.App.D.C. at 115, 326 F.2d at 658.

An appropriate order will issue.