Richard M. NIXON, Plaintiff,

v.

Arthur F. SAMPSON et al., Defendants.

The REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS et
al., Plaintiffs,

v.

Arthur F. SAMPSON et al., Defendants.

Lilliam HELLMAN et al., Plaintiffs,

v.

Arthur F. SAMPSON et al., Defendants.

Civ. A. Nos. 74–1518, 74–1533, 74–1551.

United States District Court,
District of Columbia.

Sept. 21, 1977.

Herbert J. Miller, Jr., William A. Dobrovir, Andra N. Oakes, William S. Rhyne, Charles S. Rhyne, Richard J. Bacigalupo, Robert E. Herzstein, Arnold & Porter, Melvin L. Wulf, New York City, for plaintiffs.

Irwin Goldbloom, David J. Anderson and Steven I. Frank, Dept. of Justice, Peter Kreindler, William H. Jeffress, Jr., Miller, Cassidy, Larroca & Lewin, Washington, D. C., for defendants.

## MEMORANDUM

AUBREY E. ROBINSON, Jr., District Judge.

In October 1974, former President Nixon brought an action[1] to enforce the terms of a depository agreement entered into between himself and the Administrator of General Services regarding the disposition of the materials of his presidency. Shortly thereafter, two groups of plaintiffs filed suit[2] seeking to have the materials declared the property of the United States, to void the depository agreement, and to gain access to the materials under the Freedom of Information Act (the "FOIA"), 5 U.S.C. § 552, *et seq.* These lawsuits were consolidated. Subsequent to the filing of these cases, Congress passed the Presidential Recordings and Materials Preservation Act (the "Preservation Act"), P.L. 93–526, 44 U.S.C. § 2107, governing the disposition of and access to the tape recordings and documents of the Nixon Administration. Mr. Nixon then initiated a new action[3] challenging the constitutionality of the Preservation Act. This Court held the consolidated cases *sub judice* pending resolution of this latter challenge.[4] The Preservation Act was ultimately upheld by the Supreme Court in *Nixon v. Administrator of General Services,* — U.S. —, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977). The Government has since moved to dismiss the consolidated actions as moot.[5] For the reasons discussed below, the Court finds that these cases should be dismissed.

Defendants claim that these actions are moot in light of the statutory scheme set out in the Preservation Act and in light of the opinion of the Supreme Court in *Nixon v. Administrator, supra.* Plaintiffs insist that issues with respect to ownership of the presidential materials and access to the materials under the FOIA remain for resolution.

The standard for determining mootness is whether the case has lost its character as a live justiciable controversy. *Diffenderfer v. Central Baptist Church,* 404 U.S. 412, 92 S.Ct. 574, 30 L.Ed.2d 567 (1972). This Court is satisfied that no present controversy exists as to this litigation with respect to ownership of the presidential materials. While ownership was a relevant consideration when these suits were filed, the Supreme Court's holding in *Nixon v. Administrator, supra,* that custody and control of the materials properly reside with the Government makes any further examination of the ownership question unnecessary in relation to these proceedings.

The Court is also satisfied that resolution of the issue of access to the presidential materials under the FOIA is inappropriate within the context of these pending actions. The Preservation Act establishes a comprehensive scheme governing all accesses to presidential materials.[6] While the terms of

---

1. *Nixon v. Sampson,* Civil Action No. 74–1518 (DDC, filed October 17, 1974. See 389 F.Supp. 107 (DDC 1975).

2. *Reporters Committee for Freedom of the Press v. Sampson,* Civil Action No. 74–1533 (DDC, filed October 21, 1974) and *Hellman v. Sampson,* Civil Action No. 74–1551 (DDC, filed October 24, 1974).

3. See *Nixon v. Administrator of General Services,* — U.S. —, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977).

4. For background, see *Nixon v. Richey,* 168 U.S.App.D.C. 169, 513 F.2d 427 (1975) (per curiam), motion for reconsideration granted 168 U.S.App.D.C. 172, 513 F.2d 430 (1975) (per curiam).

5. Plaintiff Nixon has joined in the motion of the Government. The other plaintiffs (hereafter referred to as "plaintiffs") have opposed the motion. Plaintiffs have also requested that this Court enter judgment in accord with the opinion filed by Judge Richey in *Nixon v. Sampson,* 389 F.Supp. 107 (DDC 1975). The Court, however, agrees with the position set out in Defendants' papers that entry of judgment would not be appropriate.

6. This Court is not persuaded by plaintiffs' argument that the Preservation Act covers only those Nixon materials not subject to the FOIA. Plaintiffs' interpretation is not supported by the legislative history of the Act and would serve to defeat the Act's underlying purposes. Such a construction of the Act is not mandated by § 104(d) and would raise serious constitutional questions. This Court finds that the specific statutory scheme of the Preservation Act prevails over the more general scheme of the FOIA.

the Act do not in any way affect rights to access applicable under the FOIA,[7] the Preservation Act does purport to create a procedural framework within which such accesses are to occur. See *Nixon v. Richey,* 513 F.2d at 443–444. The precise details concerning how these accesses will occur will be set forth in the regulations under the Act relating to public accesses.[8] These regulations have not yet been promulgated. If the regulations unduly restrict rights to access asserted under the FOIA, a challenge to those regulations may be brought before this Court. That is not the situation, however, which the Court confronts in this litigation.

There is nothing which this Court can presently do with respect to plaintiffs' requests for disclosure of certain of the Nixon presidential materials. These cases were brought under factual circumstances that no longer pertain. Thus this Court is persuaded that it is appropriate to dismiss these actions as moot.

---

7. Section 104(d) of the Act provides:

"The provisions of this title shall not in any way affect the rights, limitations or exemptions applicable under the Freedom of Information Act . . . ."

8. This Court is of the opinion that § 104(d) requires that the regulations differentiate between accesses under the FOIA and accesses otherwise allowed by the Preservation Act. The regulations should establish procedural guidelines for each type of access.