# IDLEWILD BON VOYAGE LIQUOR CORP. *v.*
## EPSTEIN ET AL.

No. 138.   Argued February 28, 1962.—Decided June 25, 1962.*

*Charles H. Tuttle* argued the cause for petitioner. With him on the briefs was *John F. Kelly.*

*Julius L. Sackman* argued the cause for respondents. With him on the briefs were *Louis J. Lefkowitz,* Attorney General of New York, and *Paxton Blair,* Solicitor General.

*Together with No. 180, Misc., *Idlewild Bon Voyage Liquor Corp.* v. *Bicks et al.,* U. S. *District Judges,* on petition for writ of mandamus.

PER CURIAM.

The petitioner is in the business of selling bottled wines and liquors for export from the United States and delivery to international airline passengers at their overseas destinations. Upon advice of the Attorney General of New York, the State Liquor Authority informed the petitioner that its business was illegal under the provisions of the New York Alcoholic Beverage Control Law. The petitioner then instituted an action in the United States District Court for the Southern District of New York against the respondents, members of the State Liquor Authority. The complaint asked for a judgment declaring that the state statutes, as applied, were repugnant to the Commerce Clause, the Export-Import Clause, and the Supremacy Clause of the United States Constitution, and for an injunction restraining the State Liquor Authority from interfering with the petitioner's business.

A request for a three-judge court under 28 U. S. C. §§ 2281, 2284, was denied. Instead, the district judge to whom the request was presented simply retained jurisdiction of the cause, in order to give the state courts an opportunity to pass upon the constitutional issues presented, although there was no relevant litigation then pending in the state courts. 188 F. Supp. 434.

The petitioner appealed to the Court of Appeals for the Second Circuit.[1] That court dismissed the appeal, one judge dissenting. 289 F. 2d 426. Unambiguously stating its opinion that the District Court had acted erroneously, and that "a three-judge district court should have been convened," the Court of Appeals was never-

---

[1] During the pendency of the appeal another judge of the District Court for the Southern District of New York issued a temporary injunction restraining the respondents from harassing the petitioner's business, but, relying on the original judge's order, refused a renewed request for a three-judge court.

theless of the view that it was powerless to take formal corrective action in light of this Court's decision in *Stratton* v. *St. Louis S. W. R. Co.,* 282 U. S. 10.[2]

Thereafter the petitioner once again filed a motion in the District Court requesting that a statutory three-judge court be impaneled. The request was again refused upon the ground that the previous ruling made by other judges of the District Court had established "the law of this case," and that the Court of Appeals' opinion that a three-judge court should be appointed was merely a "dictum." 194 F. Supp. 3. We granted certiorari and a motion for leave to file a petition for a writ of mandamus. 368 U. S. 812.

We agree with the Court of Appeals that a three-judge court should have been convened in this case. When an application for a statutory three-judge court is addressed to a district court, the court's inquiry is appropriately limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute. Those criteria were assuredly met here, and the applicable jurisdictional statute therefore made it impermissible for a single judge to decide the merits of the case, either by granting or by withholding relief.[3]

In the *Stratton* case it was held that a court of appeals was precluded from reviewing on the merits a case which

[2] The Court of Appeals properly rejected the argument that the order of the District Court "was not final and hence unappealable under 28 U. S. C. §§ 1291, 1292," pointing out that "[a]ppellant was effectively out of court." 289 F. 2d, at 428.

[3] This is not a case like *Chicago, Duluth & Georgian Bay Transit Co.* v. *Nims,* 252 F. 2d 317, where a three-judge court was requested only in the event that it should first be held that the state statute was by its terms applicable to the plaintiff's business operations.

should have originally been determined by a court of three judges. *Stratton* does not stand for the broad proposition that a court of appeals is powerless ever to give any guidance when a single judge has erroneously invaded the province of a three-judge court. The Court of Appeals clearly stated its opinion that a court of three judges ought to have been convened to consider this litigation. That view was correct and should have been followed upon the petitioner's renewed motion that such a statutory court be impaneled.

We deem it unnecessary to take formal action on the petition for a writ of mandamus. The case will be remanded to the District Court for expeditious action consistent with the views here expressed. Cf. *Bailey* v. *Patterson*, 369 U. S. 31, 34.

*It is so ordered.*

MR. JUSTICE FRANKFURTER took no part in the decision of these cases.

MR. JUSTICE HARLAN and MR. JUSTICE WHITE took no part in the consideration or decision of these cases.