NATIONAL MOBILIZATION COMMIT-
TEE TO END the WAR IN VIET NAM,
individually and on behalf of all other
organizations similarly situated; David
Dellinger, Rennie Davis, Thomas Hay-
den, Jerry Rubin, Abbie Hoffman, each
individually and on behalf of all others
similarly situated, Plaintiffs,

v.

Thomas A. FORAN, individually and in
his official capacity as United States
Attorney for the Northern District of
Illinois; and Ramsey Clark, individual-
ly and in his capacity as Attorney Gen-
eral of the United States, their agents,
employees, successors, and all those act-
ing in concert or cooperation with them,
Defendants.

No. 68 C 1820.

United States District Court
N. D. Illinois, E. D.
Nov. 1, 1968.

1

Stanley A. Bass, Chicago, Ill., for plaintiffs.

Thomas A. Foran, Chicago, Ill., for the United States.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

Motion of Plaintiffs to Convene
a Three-Judge Court
Motion of Defendants to Dismiss.

This is an allegedly a class action brought by plaintiff Committee, its leaders David Dellinger, Rennie Davis, and Thomas Hayden, and Jerry Rubin, and Abbie Hoffman, leaders of the Youth International Party, on their own behalf and on behalf of all others similarly situated, seeking declaratory and injunctive relief. Plaintiffs request the convening of a three-judge court pursuant

to 28 U.S.C. §§ 2282 and 2284 in order to declare unconstitutional 18 U.S.C. §§ 231, 232, 2101, and 2102. The first two of these recently enacted statutes deal with the use of weapons during civil disorders, while the latter two sections concern the instigation of and participation in a riot. Plaintiffs also seek a permanent injunction to restrain the Justice Department from presenting evidence to a Federal Grand Jury and a similar temporary injunction pending a final hearing on this prayer. Besides opposing plaintiffs' motion, defendants, the Attorney General of the United States and the United States Attorney for the Northern District of Illinois, have moved to dismiss this suit.

■ Plaintiffs seek to invoke the jurisdiction of this Court under a variety of statutes including 28 U.S.C. §§ 1331, 2201, 2202, 2282, and 2284. Defendants object that the last four sections do not create independent grounds for jurisdiction and that the first of these five sections is not applicable because plaintiffs' claim that the amount in controversy exceeds $10,000 is without basis. We find that jurisdiction lies in that plaintiffs' claims arise under and are based on constructions of federal statutes and the Constitution. While the jurisdictional amount purportedly applies to federal question cases under 28 U.S.C. § 1331, another section, 28 U.S.C. § 1337, grants jurisdiction in cases arising under congressional acts regulating commerce without regard to the amount in controversy. See also, Landry v. Daley, 280 F.Supp. 929, 935 (N.D.Ill.1967).

■ The language of 28 U.S.C. § 2284(5), which precludes dismissal by a single judge, applies only after a three-judge court has jurisdiction. Eastern States Petroleum Corp. v. Rogers, 108 U.S.App.D.C. 63, 280 F.2d 611, 615 (1960); Landsberger v. Freeman, 217 F.Supp. 138 (D.C.1963). Therefore, a single-judge court must make the initial determination as to whether plaintiffs' complaint raises a substantial constitutional question, whether there is, at least, a formally alleged basis for equita-

ble relief, and whether the case is otherwise appropriate for hearing by a three-judge court. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); Landry v. Daley, 280 F.Supp. 929, 935 (N.D.Ill.1967).

■ A constitutional question will be considered an insubstantial one if it is "obviously without merit or because its unsoundness is so clearly demonstrated by previous decisions of the Supreme Court as to foreclose the subject." Landry v. Daley, 280 F.Supp. at 935. Plaintiffs contend that the statutes in question are designed to regulate or inhibit the rights of free speech, assembly and travel by means of criminal sanctions which are vague and overbroad. The Civil Disorders provision, 18 U.S.C. §§ 231 & 232, attempts to regulate the teaching and demonstration of the use and manufacture of firearms and other devices and techniques capable of causing injury with the intent that the same will be used in the furtherance of a civil disorder (18 U.S.C. § 231(a) (1)), defined as a public disturbance involving three or more persons and characterized by violence to persons or property (18 U.S.C. § 232(1)); the manufacture or transportation of the aforementioned devices by a person knowing or intending that they be used in a civil disorder (18 U.S. C. § 231(a) (2)); and attempts to obstruct law enforcement officers and firemen who are engaged in lawful performance of their official duties during a civil disorder (18 U.S.C. § 231(a) (3)).

■ The constitutional questions presented regarding 18 U.S.C. §§ 231 & 232 are wholly insubstantial. A state statute similar to 18 U.S.C. § 231(a) (3) and which prohibited the obstruction of the legitimate performance of a peace officer was upheld in Landry v. Daley, 280 F.Supp. at 959 and People v. Raby, 40 Ill.2d 392, 240 N.E.2d 595 (1968). See also Cox v. Louisiana, 379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 487 (1965). Plaintiffs have not suggested any way in which the provisions dealing with the manufacture and transportation of dan-

**4**

gerous devices are overbroad or vague and we can think of none. Similarly, 18 U.S.C. § 231(a) (1) is not improperly vague because it incorporates the requirement that a specific intent must be shown at the time the accused was teaching about the use or manufacture of the dangerous device or technique. Thus, "innocent and inadvertent conduct" "is not covered." See Landry v. Daley, 280 F.Supp. at 959.

Plaintiffs' concern is really centered on the riots statutes, 18 U.S.C. §§ 2101 and 2102. These provisions attempt to regulate the use of interstate facilities with the intent to incite or organize a riot. Plaintiffs contend that certain phrases such as "to incite a riot" and "to organize, promote, encourage, participate in, or carry on a riot" are vague and therefore unconstitutional limitations on free speech. 18 U.S.C. § 2101(a), (b).

However, plaintiffs' argument is clearly insubstantial because the First Amendment does not protect rioting and the incitement to riot. The protections afforded by the First Amendment do not reach a person who urges or instigates others to riot any more than it covers the now famous theatregoer who falsely shouts "Fire!" and causes a panic. Schenck v. United States, 249 U.S. 47, 52, 39 S.Ct. 247, 63 L.Ed. 470 (1919). See also United States v. Woodard, 7 Cir., 376 F.2d 136, 142 (1967).

So it is that a "man may be punished for encouraging the commission of a crime, Fox v. Washington, 236 U.S. 273 [35 S.Ct. 383, 59 L.Ed. 573], or for uttering 'fighting words,' Chaplinsky v. New Hampshire, 315 U.S. 568 [62 S.Ct. 766, 86 L.Ed. 1031]." Cox v. Louisiana, 379 U.S. 559, 563, 85 S.Ct. 476, 480, 13 L.Ed.2d 487 (1965).

Regulations on various forms of conduct intertwined with speech have been upheld to protect a valid interest of the government. *See, e. g.,* United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968) (destruction of Selective Service registration card); Cameron v. Johnson, 390 U.S. 611, 88 S.

Ct. 1335, 20 L.Ed.2d 182 (1968) (picketing which interfered with access to county courthouse); Adderley v. Florida, 385 U.S. 39, 87 S.Ct. 242, 17 L.Ed.2d 149 (1966) (demonstration on non-public section of jail grounds). We do not see how traveling across state lines with the intent to incite, promote, or participate in a riot is any less a governmental concern than is the control of travel on the streets. "The constitutional guarantee of liberty implies the existence of an organized society maintaining public order, without which liberty itself would be lost in the excesses of anarchy." Cox v. Louisiana, 379 U.S. 536, at 554, 85 S. Ct. 453, at 464, 13 L.Ed.2d 471.

Thus, it is clear that First Amendment rights "may be abused by using speech or press or assembly in order to incite to violence and crime. The people through their legislatures may protect themselves against that abuse. But the legislative intervention can find constitutional justification only by dealing with the abuse. The rights themselves must not be curtailed." De Jonge v. Oregon, 299 U.S. 353, 364–365, 57 S. Ct. 255, 260, 81 L.Ed. 278 (1937). Sections 2101 and 2102 of Title 18 deal only with the abuse of First Amendment rights. When speaking of the instigation or urging of others to riot, the statute specifically precludes from its scope the mere advocacy of ideas or expressions of belief. 18 U.S.C. § 2102(b). It is concerned solely with the use of interstate facilities by persons who intend to encourage or participate in acts of violence which pose a clear and present danger to persons and property.

We agree with plaintiffs that "rioting" and "incitement" encompass a wide variety of activity which is often closely related to the immediate circumstances. However, the constitutionality of a statute does not depend on a possible misapplication of the statute's sanctions to protected activity. United States v. Woodard, 7 Cir., 376 F.2d 136, 143 (1967); Landry v. Daley, 280 F. Supp. at 960. All statutes are susceptible to some abuse. All that is required

is that, given a normal interpretation, the language is not too broad. United States v. Petrillo, 332 U.S. 1, 8, 67 S.Ct. 1538, 91 L.Ed. 1877 (1947); United States v. Woodard, 376 F.2d at 140.

A similarly phrased New York disorderly conduct statute aimed at persons who, with the intent to provoke breach of peace, disturb or interfere with others has been held not to be unconstitutionally broad. United States v. Jones, 2 Cir., 365 F.2d 675 (1966). We do not believe the statutes in question to be too vague either.

■ Consequently, because it has often been held that the First Amendment does not sanction incitement to riot and because the statutes in question do not appear to be any broader than numerous "breach of peace" laws upheld in state and federal courts, the constitutional questions raised by plaintiffs are not substantial enough to warrant hearing by a three-judge court. Calling such a panel is an extraordinary procedure and not to be undertaken lightly. Oklahoma Gas & Electric Co. v. Oklahoma Packing Co., 292 U.S. 386, 391, 54 S.Ct. 732, 78 L.Ed. 1318 (1934); Landsberger v. Freeman, 217 F.Supp. 138, 139 (D.C. 1963).

Having discussed the substantiality of the constitutional question raised, we would normally look at the claimed basis for equitable relief. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1961). Defendants have raised the points that these plaintiffs are in no immediate need of the protection of the Court, that they have an adequate remedy at law should there be an arrest, and that courts of equity ought not interfere with or enjoin criminal prosecutions. We do not feel that it is necessary to discuss and rule on these points, however, in that the key requirement for convening a three-judge court is missing.

Plaintiffs' motion to convene a three-judge court is denied. Defendants' motion to dismiss this complaint is granted.