**CIVIC AWARENESS OF AMERICA LTD., a non-profit Wisconsin corporation, et al., Plaintiffs,**

v.

**Elliot L. RICHARDSON, Secretary of the Department of Health, Education and Welfare, et al., Defendants.**

**Civ. A. No. 71–C–344.**

United States District Court,
E. D. Wisconsin.

July 24, 1972.

Charles J. Kersten, and Roman H. Papka, Milwaukee, Wis., for plaintiffs.

Steven C. Underwood, Asst. U. S. Atty., Milwaukee, Wis., for defendant Elliot L. Richardson.

Jackson M. Bruce, Jr., Larry J. Jost and Michael J. Spector, Milwaukee, Wis., for defendants Donald S. Buzard, Planned Parenthood Association of Milwaukee and Planned Parenthood-World Population.

REYNOLDS, District Judge:

This is a suit to curtail the use of federal funds for family planning and birth control. Plaintiffs are a nonprofit corporation and individuals who oppose artificial contraception, cloning, vasectomy, and abortion. Defendants Planned Parenthood Association of Milwaukee and Planned Parenthood-World Population (hereinafter "Planned Parenthood") are corporations engaged in family planning and birth control. Their activities include, among other things, providing on a volunteer basis vasectomies and abortion counselling. Pursuant to § 508(a) (3) of the Social Security Act, funds have been granted to Planned Parenthood by defendant Elliot L. Richardson. The complaint also alleges that in the future the Department of Health, Education and Welfare may grant funds to Planned Parenthood pursuant to the Family Planning Services and Population Research Act of 1970.

Plaintiffs seek declaratory and interlocutory injunctive relief in order to prevent grants of federal funds for artificial contraception, vasectomies, and abortions on the grounds that such funding is without statutory authority and in any case contravenes the Constitution. Federal question jurisdiction is asserted. Because the complaint challenges federal statutes as being unconstitutional and seeks injunctive relief, the plaintiffs have moved to convene a three-judge district court pursuant to Title 28 U.S.C. § 2282. Defendants oppose this motion on the ground that the constitutional challenge is insubstantial. The matter having been briefed and argued before me, I find for the defendants.

Section 508(a) of the Social Security Act (Title 42 U.S.C. § 708) provides in part as follows:

"(a) In order to help reduce the incidence of mental retardation and other handicapping conditions caused by complications associated with child-bearing and to help reduce infant and maternal mortality, * * * [funds may be granted for]

\* \* \* \* \* \*

"(3) family planning services,

\* \* \*. Acceptance of family planning services provided under a project under this section * * * shall be voluntary on the part of the individual to whom such services are offered and shall not be a prerequisite to the eligibility for or the receipt of any service under such project."

The Family Planning Services and Population Research Act of 1970 (Pub. L. 91–572) (Title 42 U.S.C. § 300) reads in part as follows:

"Sec. 2 It is the purpose of this Act —

"(1) to assist in making comprehensive voluntary family planning services readily available to all persons desiring such services;

\* \* \* \* \* \*

"Sec. 1001(a) The Secretary is authorized to make grants to and enter into contracts with public or nonprofit private entities to assist in the establishment and operation of voluntary family planning projects.

\* \* \* \* \* \*

"Sec. 1007 The acceptance by any individual of family planning services * * * shall be voluntary * * * ."

■ Plaintiffs contend that grants to Planned Parenthood under these statutes violate the First Amendment's prohibition that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof * * *." In light of prior decisions of the Supreme Court this contention is insubstantial and without merit. ·

Plaintiffs do not contend that Planned Parenthood themselves are private religious organizations, teach religion, or even that they are controlled by such a body. Thus, this case differs from those involving grants to parochial schools and students, see, e. g., Lemon v. Kurtzman, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971), or grants to secular institutions operated by religious groups, see, e. g., Bradfield v. Roberts, 175 U.S. 291, 20 S.Ct. 121, 44 L.Ed. 168 (1899) (hospital run by Roman Catholics). Rather, plaintiffs characterize birth control as a tenet of a religion, which by their complaint they allege to exist, called "secular humanism," and from this they argue that government support of birth control is constitutionally inseparable from government support of the religion "secular humanism." The establishment clause "does not ban federal or state regulation of conduct whose reason or effect merely happens to coincide or harmonize with the tenets of some or all religions. In many instances, the Congress or state legislatures conclude that the general welfare of society, wholly apart from any religious considerations, demands such regulation. Thus, for temporal purposes, murder is illegal. And the fact that this agrees with the dictates of the Judaeo-Christian religions while it may disagree with others does not invalidate the regulation. So too with the questions of adultery and polygamy. Davis v. Beason, 133 U.S. 333 [10 S.Ct. 299, 33 L.Ed. 637]; Reynolds v. United States, *supra* [98 U.S. 145, 25 L.Ed. 244]. The same could be said of theft, fraud, etc., because those offenses were also proscribed in the Decalogue." McGowan v. Maryland, 366 U.S. 420, 442, 81 S.Ct. 1101, 1113–1114, 6 L.Ed.2d 393 (1961). In *McGowan* the court sustained Sunday "blue" laws against an attack based on the establishment clause even though "blue" laws aid certain religions in maintaining their Sabbath and, in fact, were historically enacted for this purpose because the modern basis for these

laws is a secular one and the aid to any religion is incidental.

In the case before me plaintiffs do not suggest that Congress enacted the challenged statutes for any other reasons than those contained upon the face of the statutes:

"In order to help reduce the incidence of metal retardation and other handicapping conditions caused by complications associated with child-bearing and to help reduce infant and maternal mortality * * *." § 508(a) Social Security Act (Title 42 U.S.C. § 708(a)).

"to assist in making comprehensive voluntary family planning services readily available to all persons desiring such services; * * *." § 2 Family Planning Services and Population Research Act of 1970 (Title 42 U.S.C. § 300 note).

There is nothing before me to suggest otherwise. See Lemon v. Kurtzman, 403 U.S. 602, 613, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971). Instead plaintiffs take the position that the purpose of promoting family planning or indeed promoting any "pattern of sexual behavior" is per se religious.

It is of course true that some activities are so steeped in religion and limited to religious use that except in unusual circumstances to promote them is per se to promote religion. In School District of Abington v. Schempp, 374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963), for instance, Bible reading in public schools at the beginning of each school day was found to contravene the establishment clause. However, sexual behavior or family planning, while clearly possessing religious significance in the minds of some citizens, just as clear-

ly do not find their origins, as does the Bible, in religion; are not so steeped with religious implications as to be virtually inseparable from religion, as is the Bible; and finally are not, as is the Bible, limited almost solely to religious use. Davis v. Beason, supra, and Reynolds v. United States, supra, finding that adultery and polygamy may be forbidden, stand as clear Supreme Court authority to the effect that legislation in the area of sexual activities is not per se establishment of religion. I find the argument that Abington as opposed to McGowan controls the case before me to be clearly insubstantial and frivolous.

Turning next to plaintiffs' contention that their exercise of religion is impaired, I find that this position, too, is without merit. Both statutes are careful to insist on voluntary participation. Thus, there is no threat that plaintiffs will be compelled to learn about or exercise birth control. Nor can they be heard to complain of religious restraint because part of their taxes go to fund Planned Parenthood. Tilton v. Richardson, 403 U.S. 672, 689, 91 S.Ct. 2091, 29 L.Ed.2d 790 (1971).

In light of my conclusion that plaintiffs' constitutional challenge is insubstantial and frivolous, it is clear, even assuming that the other requirements of Title 28 U.S.C. § 2282 are met, that plaintiffs' motion to convene a three-judge court must be denied. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962). However, in that this action challenges government grants to Planned Parenthood upon statutory as well as constitutional grounds, my decision today disposes of only a cause of action and not the entire case before me.