Walter S. **FARLEY**, Jr., et al.,
**Appellants,**

v.

Walter S. **FARLEY**, Jr., et al.

No. 71–1967.

United States Court of Appeals,
Third Circuit.

Submitted May 18, 1973.

Decided June 25, 1973.

**1010**

Jack Sirott, Henry F. Huhn, Sirott & Huhn, Bristol, Pa., for appellants.

Gerald Gornish, Deputy Atty. Gen., and Israel Packel, Atty. Gen., Harrisburg, Pa., for Commonwealth of Pa.

Power, Bowen & Valimont, Robert W. Valimont, Doylestown, Pa., for intervenors Catania and Tracey.

Begley, Carlin, Mandio, Kelton & Popkin, George T. Kelton, Bristol, Pa., for intervenors Fawkes and Lindley.

Robert T. Burke, Asst. County Sol., Doylestown, Pa., for Board of Elections of Bucks County.

Before VAN DUSEN, GIBBONS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

■ This appeal challenges a single-judge district court order dismissing, without convening a three-judge court, a complaint seeking injunctive and declaratory relief to invalidate on federal constitutional grounds certain Pennsylvania provisions governing the election of County Commissioners.[1]

---

1. The plaintiff did not request a three-judge court. The district court must, however, on its own initiative, determine if the injunctive relief requested falls within 28 U.S.C. § 2281. *E.g.*, Bell v. Waterfront Commission, 279 F.2d 853, 856–57 (2d Cir. 1960).

The inquiry of a single district court judge on an application for a three-judge district court is limited to determining whether a substantial federal question and a basis for equitable relief are alleged. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962) (per curiam). The Court has interpreted the requirement for a substantial federal question liberally. Recently, in Goosby v. Osser, 409 U.S. 512, 518, 93 S.Ct. 854, 858, 35 L.Ed.2d 36 (1973), it noted:

"Title 28 U.S.C. § 2281 does not require the convening of a three-judge court when the constitutional attack upon the state statutes is insubstantial. 'Constitutional insubstantiality' for this purpose has been equated with such concepts as 'essentially fictitious,' Bailey v. Patterson, 369 U.S. [31], at 33 [82 S.Ct. 549, 551, 7 L.Ed.2d 512 (1962)]; 'wholly insubstantial,' ibid.; 'obviously frivolous,' Hannis Distilling Co. v. Baltimore, 216 U.S. 285, 288 [30 S.Ct. 326, 327, 54 L.Ed. 482] (1910); and 'obviously without merit.' Ex parte Poresky, 290 U.S. 30, 32 [54 S.Ct. 3, 4–5, 78 L.Ed. 152] (1933). The limiting words 'wholly' and 'obviously' have cogent legal significance. In the context of the effect of prior decisions upon the substantiality of constitutional claims, those words import that claims are constitutionally insubstantial only if the proper decisions inescapably render the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial for the purposes of 28 U.S.C. § 2281. A claim is insubstantial only if ' "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy." '

·Ex parte Poresky, supra, at 32 [54 S.Ct. at 4], quoting from Hannis Distilling Co. v. Baltimore, supra, at 288, [30 S.Ct. at 327]; see also Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105–106 [53 S.Ct. 549, 550, 77 L.Ed. 1062] (1933); McGilvra v. Ross, 215 U.S. 70, 80 [30 S.Ct. 27, 31, 54 L.Ed. 95] (1909)."

In this case plaintiffs raise two constitutional challenges. First, they question the practice of listing only two candidates from each political party for the three positions. The district court correctly noted that nothing in either the statute or constitution literally mandates this practice. Since this issue had not yet been decided by the Pennsylvania courts, it abstained.[2] It is unclear on the record before us whether this particular practice is indigenous to Bucks County or is of statewide application. Our impression is that it applies throughout Pennsylvania. Where the constitutional challenge is to a statute of only local concern, then it is not proper to convene a three-judge court. Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967). Compare id. with Sailors v. Board of Education, 387 U.S. 105, 87 S.Ct. 1549, 18 L.Ed.2d 650 (1967), decided the same day. This point does raise a substantial federal question. Consequently, there should be a remand to the district court to determine whether the practice of only placing two candidates on the ballot in county commissioner decisions is of statewide application. If so, a three-judge court should be convened.

Plaintiffs' second constitutional challenge is to the constitutional and statutory provisions which allow each voter to vote for only two candidates for the three county commissioner positions. There is no ambiguity here. These provisions apply to every county in Pennsylvania except those having home rule

---

2. Even when abstaining a federal court should either retain jurisdiction or dismiss without prejudice to the right of the plaintiffs to litigate their claim in a federal court at the conclusion of the state proceeding. American Trial Lawyers Assn. v. New Jersey Supreme Court, 409 U.S. 467, 93 S.Ct. 627, 34 L.Ed.2d 651 (1973) (per curiam).

charters. *See* Brief for Intervenors Fawkes and Lindley at 7. The district court ruled that this issue did not raise a substantial federal question. This was based on the decision of a three-judge district court in Kaelin v. Warden, 334 F.Supp. 602 (E.D.Pa.1971), holding Pa. Stat. Ann. tit. 16, § 501 to be constitutional.

■ There are two reasons why this decision does not foreclose the issue of whether a substantial federal question is presented. First, as Chief Judge Seitz noted, it is arguable that the issue presented by the instant case was not before the *Kaelin* court. *See* 334 F. Supp. at 604. *Kaelin* was an action which sought to enjoin the defendant from acting as a county commissioner of Bucks County "on the ground that his appointment to fill the vacancy in that office was based on a statute which is unconstitutional on its face or as administered by the appointing authority." *Id.* Thus, while the entire statute was challenged, the facts of that case really only related to the vacancy provision of the statute, which is Pa.Stat.Ann. tit. 16, § 501(b). Consequently, it is arguable that the portion of the opinion upholding the validity of § 501(a) is dicta. Probably *Kaelin* makes plaintiffs' contentions "doubtful" or of "questionable merit", Goosby v. Osser, *supra*, 409 U.S. at 518, 93 S.Ct. 854, but it does not make them insubstantial. The mere fact that it is unclear whether the decision in *Kaelin* on § 501(a) was a holding or dicta should render the federal question substantial under Goosby v. Osser, *supra*. *Cf.* LoFrisco v. Schaffer, 341 F. Supp. 743 (D.Conn.), aff'd, 409 U.S. 972, 93 S.Ct. 313, 34 L.Ed.2d 236 (1972) (per curiam).

■ A second and more important reason is that even if *Kaelin* had decided the precise issue, its holding is not a precedent binding on other courts. The decision of a three-judge court is entitled to no more weight than any other district court decision. *See* 1B J. Moore, Federal Practice ¶ 0.402[1] n.29 at 62.

Consequently, the *Kaelin* decision is not necessarily binding on any other district court, *id.* at 61, and does not invariably have to be followed in the Eastern District. *Id.* at 58–59. Clearly the *Kaelin* case does not meet the standard for insubstantiality announced in Goosby v. Osser, *supra*, 409 U.S. at 518, 93 S.Ct. 854. A three-judge court should be convened.

We realize that the outcome of the case before a three-judge district court will probably be no different, and that a remand under such circumstances may seem an exercise in futility. The three-judge court statutes, unfortunately, produce many such exercises. The remedy, however, is legislative.