**YUAN JEN CUK, Individually and on behalf of all others similarly situated, Plaintiffs and Appellees,**

**and**

**Maria Urizar, Plaintiff in Intervention and Appellee,**

**v.**

**Jerome A. LACKNER,\* as Director of the State Department of Health Care Services, Defendant and Defendant in Intervention, and Appellant.**

**No. 75–1457.**

United States Court of Appeals, Ninth Circuit.

June 15, 1976.

---

\* The original appellant in this case was Dwight Geduldig, who was the concerned official at the time of the filing of the appeal. His successor in office, Jerome A. Lackner, has been substituted pursuant to stipulation and the provision of Rule 43(c), Fed.R.App.P.

Before ELY and GOODWIN, Circuit Judges, and SMITH,** District Judge.

PER CURIAM:

A three-judge district court was convened in 1972 to decide the constitutionality of California's statutory eligibility requirements for certain state medical payments (Medi-Cal). In a written opinion filed June 29, 1972, the court held the challenged statute unconstitutional. The opinion then said the enforcement of the statute should be enjoined, and directed the originating judge to prepare supplemental orders to fashion certain affirmative relief which the three-judge court deemed appropriate.

This appeal challenges the single-judge order which spelled out the affirmative relief, primarily the methods for determining and granting refunds to claimants whose Medi-Cal applications were denied before June 29, 1972, because the applicants were aliens.

The opinion of the three-judge court was not accompanied by a separate judgment as required by Fed.R.Civ.P. 58; nor did the text of the opinion incorporate words which can be fairly construed as pronouncing a judgment. The memorandum contained these words: "We conclude (1) that defendant be enjoined from enforcing the requirements of California Welfare and Institutions Code Section 14005.6(3); * * *."

Except for the quoted language, the remainder of the opinion sets forth its reasoning and directs the district judge in charge of the case to spell out affirmative relief in a manner "to be feasible and reasonably necessary" and consistent with the views expressed in the three-judge opinion. Following a motion to reconsider, and a clarifying amendment to the effect that nothing in the June 29, 1972, decision should be interpreted to require the state to furnish Medi-Cal benefits to aliens illegally in the country, the state commenced an appeal to the Supreme Court from the three-judge

Joanne Condas Rabin, Deputy Atty. Gen. (argued), State of California, for appellant.

David C. Moon (argued), San Francisco Neighborhood Legal Assistance, San Francisco, Cal., for plaintiffs and appellees.

** The Honorable Russell E. Smith, Chief Judge, United States District Court for the District of Montana, sitting by designation.

decision, pursuant to 28 U.S.C. § 1253. It later abandoned that appeal.

The state now concedes that, if the decision of the three-judge court was either a judgment or a final order granting an injunction, any appeal therefrom was exclusively in the Supreme Court. 28 U.S.C. § 1253; *Thoms v. Heffernan*, 473 F.2d 478 (2d Cir. 1973).

The June 29, 1972, memorandum opinion, however, was not a judgment, and, while it authorized injunctive relief, it did not, by its own language, order the affirmative relief requested. The three-judge memorandum contains language that might be construed as an injunction requiring the defendant official to cease enforcing a void law, but because the remainder of the relief was left for future determination by the single district judge, the opinion clearly does not dispose of all the issues in the case.

The order from which the state has attempted to appeal is the single-judge order filed April 1, 1974. This order was in the form of a final order. It required a named state official to perform a number of affirmative acts in order to locate, if possible, various Medi-Cal claimants and to process their claims for refunds. The notice of appeal from this order also mentions a one-judge order filed January 24, 1975, denying a "rehearing" of the April 1, 1974, order.

■ Once a three-judge court has been properly convened under 28 U.S.C. § 2281 to hear a suit to enjoin a state government from enforcing state law, the powers of a single district judge in that case are limited. 28 U.S.C. § 2284(5) provides:

" * * * A single judge shall not appoint a master or order a reference, or hear and determine any application for an interlocutory injunction or motion to vacate the same, or dismiss the action, or enter a summary or final judgment. The action of a single judge shall be reviewable by the full court at any time before final hearing."

In the case at bar, the order filed April 1, 1974, enjoining a state official to perform specific acts, exceeded the authority of the single judge.

■ We do not here determine the extent of the power, if any, of a single judge to make orders necessary to the supervision of a final judgment entered by a properly constituted three-judge court.[1] We hold only that where, as here, there was no final three-judge court judgment ordering any affirmative relief, a single judge may not order that relief.

■ The order from which the appeal is taken is vacated, and the case is remanded to the district court.[2] Upon remand, the single district judge should assemble the surviving[3] members of the three-judge court and cause a final judgment to be entered by the surviving members of the three-judge court so that an appeal, if desired, can be taken to the proper tribunal under 28 U.S.C. § 1253.

---

1. *See Molpus v. Fortune*, 311 F.Supp. 240 (N.D. Miss.1970), aff'd, 432 F.2d 916 (5th Cir. 1970).

2. Where a single judge by an order invades the power of a properly convened three-judge court, the court of appeals has jurisdiction to hear an appeal from the order. *Idlewild Bon Voyage Liquor Corp. v. Epstein*, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962).

3. The Honorable Oliver D. Hamlin, Jr., who participated in the decision of June 29, 1972, died December 28, 1973.