John S. HERRINGTON, David S. Herrington, and Quail Hill Ranch, a partnership, Plaintiffs-Appellants,

v.

The COUNTY OF SONOMA, Defendant-Appellee.

John S. HERRINGTON, David S. Herrington, and Quail Hill Ranch, a partnership, Petitioners,

v.

UNITED STATES DISTRICT COURT FOR the NORTHERN DISTRICT OF CALIFORNIA, Respondent.

The County of Sonoma, Real Party in Interest.

Nos. 81–4664, 81–7853.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 1982.

Decided May 24, 1983.

M. Reed Hunter, Goldstein, Barceloux & Goldstein, San Francisco, Cal., for plaintiffs-appellants and petitioners.

John E. Carey, Jr., Tarkington & Carey, San Francisco, Cal., for defendant-appellee and respondent.

Before WRIGHT, ANDERSON, and CANBY, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

This disposition is an explanation of our November 10, 1982 order reversing the district court and denying the petition for writ of mandamus.

## JURISDICTION

■ Appellee argues this court does not have jurisdiction over the appeal because the order of the district court was not a "final decision." 28 U.S.C. § 1291. We reject this contention because the. impact here was to send Herrington "effectively out of court" as in *Idlewild Liquor Corp. v. Epstein,* 370 U.S. 713, 715 n. 2, 82 S.Ct. 1294, 1296 n. 2, 8 L.Ed.2d 794 (1962). *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* — U.S. —, 103 S.Ct. 927, 933, 74 L.Ed.2d 765, 775–6 (1983).

■ Appellee next contends this court lacks jurisdiction because the notice of appeal was not timely. Appellants filed motions with the district court within 10 days of that court's Order. Fed.R.Civ.Proc. 59(e). Federal Rule of Appellate Procedure 4(a) states a timely motion to amend the judgment will toll the running of time for a notice of appeal. Although two such motions were filed, the district court heard argument and filed new orders upon new grounds with each motion. Appellee questions only the timeliness of the October 1, 1981 motion. That motion was within 10 days of the Memorandum and Order of September 22, 1981. The denial of that motion on November 16, 1981, restarted the time computation for a timely notice of appeal. December 16, 1981 was 30 days later and hence an appeal filed that day was timely.

## ABSTENTION

We next examine the action of the district court in staying the federal court proceedings pending "final disposition of plaintiffs' state court action." Excerpts of Record, volume II, p. 168, Order, May 28, 1981, at p. 3. We conclude the. district court abused its discretion in ordering a stay of this proceeding.

■ The court correctly recognized *Pullman* abstention was not proper in this case because the federal constitutional issue could not be avoided by the resolution of some uncertain question of state law. *Railroad Commission v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Abstention and its various doctrines received a thorough discussion in this circuit's recent opinion, *Midkiff v. Tom,* 702 F.2d 788, 798–804 (9th Cir.1983) (Judge Poole, concurring). The doctrines and their prerequisites are therein enumerated and none of them are applicable here. *See Tovar v. Billmeyer,* 609 F.2d 1291, 1293–94 (9th Cir.1980).

■ The district court took a step on its own and considered the motion to abstain as one seeking a stay of the federal proceedings. Such actions have been labeled "prudential abstention," *Midkiff,* 702 F.2d at 800, and the "wise judicial administration" exception to the exercise of jurisdiction. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483, 498 (1976). This doctrine however, is "consider-

ably more limited [in application] than the circumstances appropriate for abstention." *Id.,* 424 U.S. at 818, 96 S.Ct. at 1246, 47 L.Ed.2d at 498. This is not such an exceptional case and the district court abused its discretion in so ruling. Reliance on *Weiner v. Shearson, Hammill and Co., Inc.,* 521 F.2d 817 (9th Cir.1975), was misplaced. *Weiner* speaks of "abatement" of the federal court proceedings in equitable actions when there is a prior action in state court. *Id.* 521 F.2d at 820.

The two court actions involved here were filed almost simultaneously, but the state action was filed one day after the federal. As a result, the state action was not at an advanced stage nor more actively pursued by the plaintiffs. "The mere existence of a case on the state docket in no way causes a substantial waste of judicial resources nor imposes a burden on the defendant" which would justify abstention. J. Moore, *Moore's Federal Practice,* vol. 1A, pt. 2, ¶ 203[4], pp. 2141 (2d ed. 1948, 1982 update); *Town of Lockport v. Citizens for Community Action at the Local Level, Inc.,* 430 U.S. 259, 264 n. 8, 97 S.Ct. 1047, 1051 n. 8, 51 L.Ed.2d 313 (1977).

MANDAMUS

The final contention on appeal is that this court should have issued a writ of mandamus compelling the district court to hear the action. 28 U.S.C. § 1651 provides this court with power to issue all writs as "necessary or appropriate in aid of [its] jurisdiction." Such extraordinary relief is not available where other remedies exist through a contemporaneous ordinary appeal. *Moses H. Cone Memorial Hospital v. Mercury Construction Co.,* —— U.S. at —— n. 6, 103 S.Ct. at 933 n. 6, 74 L.Ed.2d at 775 n. 6.

CONCLUSION

We find the order of the district court a "final decision," notice of appeal was timely filed, and the district court abused its discretion in staying this proceeding.

Costs on appeal shall be borne by the appellee.

Accordingly, we reaffirm our order of November 10, 1982, REVERSING the district court and DENYING the petition for a writ of mandamus.