OPINION
PER CURIAM.
This is an appeal from a District Court order denying a request for a preliminary injunction against the Pennsylvania Liquor Code’s ban on “lewd, immoral or improper entertainment.” 47 P.S. § 4-493(10). We affirm.
I.
Plaintiff Conchatta, Inc. operates a “gentleman’s club” in Philadelphia and holds a liquor license. The other two plaintiffs, Gail Baker and Sabrina Barrar, are erotic dancers at the club. The danc *439 ers begin clothed and then strip until they are wearing only G-strings and latex covering over their nipples. They then circulate among the patrons seeking tips. There are also rooms in which dancers perform private dances for a fee. The club prohibits physical sexual contact between the dancers and patrons.
A provision of the Pennsylvania Liquor Code dating back to 1951, 47 P.S. § 4-493(10), prohibits “lewd, immoral, or improper entertainment” in a facility holding a liquor license or in any place operated in connection therewith, and an implementing regulation, 40 Pa.Code § 5.32(c), contains similar language. The plaintiffs moved for a preliminary injunction against the enforcement of these provisions, and the District Court, after conducting an evidentiary hearing, denied the motion. The District Court noted that in California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), and subsequent cases the Supreme Court upheld the constitutionality of laws prohibiting nude or lewd entertainment in establishments serving alcohol. The Court also observed that, while the Supreme Court’s opinion in 44 Liquormart, Inc. v. Rhode Island, 517 U.S. 484,116 S.Ct. 1495, 134 L.Ed.2d 711 (1996), disapproved of some of the reasoning in LaRue, the Court “made clear that it was not retreating from the holding in California v. LaRue. ” Dist. Ct. Op. at 4. The District Court stated that its review of Supreme Court precedent led it to the conclusion that the plaintiffs’ likelihood of success was “uncertain at best.” Id. at 5.
The District Court noted that the plaintiffs also challenged the statute and regulation based on overbreadth and vagueness, but the Court “decline[d] to address these issues, at this juncture” and instead “abstained, in deference to pending state court litigation, under Railroad Commission of Texas v. Pullman Company, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).” Id. at 6. The District Court commented that the statute and regulation at issue in this case were then before the Supreme Court of Pennsylvania in Purple Orchid Inc. v. Pennsylvania State Police, 721 A.2d 84 (Pa.Commw.1998), appeal granted, 559 Pa. 724, 740 A.2d 1150 (1999), and that related issues were also before that Court in the remand from the United States Supreme Court in City of Erie v. Pap’s A.M., 529 U.S. 277, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000). Dist. Ct. Op. at 6. The District Court then wrote:
In my view, the only issue it is appropriate for this court now to consider is whether, pending the state courts’ action, plaintiffs are likely to suffer irreparable harm which should be prevented by preliminary injunctive relief. On the basis of the evidentiary record, I am not convinced that any significant harm will be sustained by any of the plaintiffs. So far as the record discloses, the plaintiffs have never been cited for violating the statute or regulations, and there is no imminent threat of such action. The only evidence presented at the hearing was to the effect that the two dancers would prefer to be allowed to dance without any covering on their nipples, and the club would prefer to present that form of entertainment to its customers. Whether there is any cognizable difference in self-expression between what the individual plaintiffs are now doing and what they say they would prefer is indeed problematic. If there is a difference, I am satisfied that it represents such a minimal restriction on their right of self-expression that it may safely be ignored as a basis for interim injunctive relief.
Id. at 6-7. This appeal followed.
When we heard oral argument in this case the two Pennsylvania Supreme Court *440 cases to which the District Court had referred were still pending. Some time later, however, the Pennsylvania Supreme Court handed down decisions in both cases. In Pap’s AM. v. City of Erie, 571 Pa. 375, 812 A.2d 591 (Pa.2002) (Pap’s III), which concerned an establishment that featured totally nude erotic women dancers, the Pennsylvania Supreme Court held that a municipal ordinance prohibiting public nudity violated the freedom of expression provision of Article I, § 7 of the Pennsylvania Constitution. The Court concluded that nude dancing is expressive conduct and reasoned that the fact that nude dancing does not ascend to the “level of high art form” does not mean that “the expression is unprotected.” Id. at 602-03.
In the second case, Purple Orchid Inc. v. Pennsylvania State Police, 572 Pa. 171, 813 A.2d 801 (2002), the Pennsylvania Supreme Court' affirmed the Commonwealth Court’s decision that § 4-493(10), the provision at issue in the present case, does not violate the First Amendment of the United States Constitution. The Court held that § 4 — 403(10), as applied to nude dancing in an establishment holding a liquor license, is a content-neutral restriction on expressive conduct which must be subjected to intermediate scrutiny under the four-factor test of United States v. O’Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968). 813 A.2d at 809, 812. The Court did not decide whether § 4-493(10) violates the guarantee of freedom of expression found in Article I, § 7 of the Pennsylvania Constitution or whether § 4-493(10) is void for vagueness because the Court held that appellants had waived both issues. 813 A.2d. at 804-05.
After the Pennsylvania Supreme Court issued its opinions in these two cases, we received supplemental briefs addressing their impact on this appeal.
II.
The primary issue before us concerns the District Court’s refusal to grant a preliminary injunction.[1] Under the familiar standard for granting a preliminary injunction, a plaintiff must show both (1) that the plaintiff is reasonably likely to *441 succeed on the merits and (2) that the plaintiff is likely to experience irreparable harm without the injunction. Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir.2000). If these factors are shown, the effect on the nonmoving parties and the public interest may be considered. Id. at 484. In a preliminary injunction appeal, we review legal questions, including plaintiffs’ likelihood of success on the merits of their First Amendment claims, de novo. ACLU v. Reno, 217 F.3d 162, 172 (3d Cir.2000), vacated on other grounds, 535 U.S. 564, 122 S.Ct. 1700, 152 L.Ed.2d 771. The District Court’s overall decision to deny injunctive relief is reviewed for abuse of discretion, “which occurs if the district court’s decision rests on a clearly erroneous finding of fact, an error of law, or a misapplication of law to the facts.” Marco v. Accent Publishing Co., 969 F.2d 1547, 1548 (3d Cir.1992).
III.
We first address the issue of the plaintiffs’ likelihood of success on the merits. The plaintiffs’ complaint challenges the statute both on its face and as applied, but the plaintiffs have not raised the as-applied argument on appeal. In their brief, the plaintiffs argue forcefully and at length that they established a likelihood of success for two reasons and two reasons only. In Part I .A of their brief, the plaintiffs contend that the statute and regulation are unconstitutionally overbroad, see Appellants’ Br. at 19-41, and in Part I.B the plaintiffs maintain that the statute and regulation are unconstitutionally vague. Id. at 42-53. The plaintiffs do not argue that they established a likelihood of success on their as-applied claim,[2] and therefore we do not decide that issue. “We generally do not raise new issues on our own motion unless federal jurisdiction is implicated,” Bolden v. Southwestern Pa. Transp. Auth., 953 F.2d 807, 821 (3d Cir. 1991) (en banc), and there is no good reason to depart from that rule here.
While the plaintiffs have not adequately pressed an as-applied argument on appeal, they have made a strong case that the statute is overbroad. During the past 30 years, the United States Supreme Court has issued a string of opinions dealing with the subject of erotic dancing, both in bars and other establishments, but the central language in the Pennsylvania statute has not been revamped in more than a half-century. We need not decide, however, whether the Pennsylvania statute as currently framed will ultimately be able to withstand a challenge for either over-breadth or vagueness. For present purposes we will assume that the plaintiffs established a likelihood of success on their overbreadth and vagueness claims. As we explain below, the plaintiffs are nevertheless not entitled to a preliminary injunction because, as the District Court held, the plaintiffs failed to show that the denial of their motion for a preliminary injunction would result in irreparable harm.
*442 IV.
Our Court has held that a plaintiff must show irreparable harm in order to obtain a prehminary injunction. Adams v. Freedom Forge, 204 F.3d 475, 484 (3d Cir. 2000); Instant Air Freight Co. v. C.F. Air Freight, 882 F.2d 797, 800 (3d Cir.1989); Marxe v. Jackson, 833 F.2d 1121, 1128 (3d Cir.1987). “We have repeatedly insisted that the use of judicial power to arrange relationships prior to a full determination on the merits is a weighty matter, and the prehminary injunction device should not be exercised unless the moving party shows that it specifically and personally risks irreparable harm.” Adams, 204 F.3d at 487. While other circuits relax the irreparable harm requirement in First Amendment cases, our Court requires a First Amendment plaintiff seeking a prehminary injunction to prove irreparable harm. In Hohe v. Casey, 868 F.2d 69, 72-73 (3d Cir.1989), we observed that “the assertion of First Amendment rights does not automatically require a finding of irreparable injury.” Instead, we wrote, “plaintiff! ] must show ‘a chilling effect on free expression.’ ” Id. In Anderson v. Davila, 125 F.3d 148 (3d Cir.1997), we held that plaintiffs who had shown a likelihood of success on the merits of their First Amendment claim would not be entitled to preliminary injunctive relief unless they could show a “ ‘real or immediate’ ” danger to their rights “in the near future.” Id. at 164. Although Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) (plurality opinion), observed that the “loss of First Amendment freedoms for even minimal periods of time, unquestionably constitutes irreparable injury,” we provided the following explanation in Anderson:
In Elrod, the Supreme Court held that public employees had a First Amendment right not to be fired solely because of their affiliation with a political party. Nothing in that case suggests that the Court meant to do away with the traditional prerequisites for injunctive relief simply because First Amendment freedoms were implicated. To the contrary, the Court concluded that injunctive relief was warranted because the plaintiffs’ First Amendment injuries were “both threatened and occurring at the time of respondents’ motion.” Elrod, 427 U.S. at 374, 96 S.Ct. at 2690.
Id.[3]
In the present case, the plaintiffs did not show that there was a real or immediate *443 threat to their own First Amendment rights. As noted by the District Court, “[s]o far as the record discloses, the plaintiffs have never been cited for violating the statute or regulations, and there is no imminent threat of such action.” Dist. Ct. Op. at 7. The operator of Club Risque did not offer evidence that the enforcement of the challenged statute and regulation presented a threat of economic harm. The full extent of the plaintiffs’ showing on irreparable harm is found in the dancers’ testimony, which is summarized as follows in the plaintiffs’ brief:
Gail Baker ... testified that because she does not know what is embraced by the regulations, she has danced differently than she otherwise would, for if she moved her hips a certain way, it might be construed as being illegal. Sabrina Barrar, too, testified that uncertainty in the law altered her performances.
Appellants’ Br. at 60.
It is important to note that the plaintiffs have not made an as-applied argument on appeal, and accordingly they have not shown that the statute likely violates their own First Amendment rights by inhibiting their dancing in the ways noted above. In view of this fact, the fact that the only apparent effects on the dancers are self-imposed, the fact that the statute has not been enforced or threatened to be enforced against the plaintiffs, and the fact that no economic harm has been claimed, we cannot say that the District Court erred in concluding that irreparable harm was not established.
V.
For these reasons, we will affirm the order of the District Court denying the plaintiffs’ request for a preliminary injunction.

. The plaintiffs have asked us to review the District Court’s decision to grant the stay. We need not do so because the appeals have been decided and the issue is now moot. We note, however, that were the issue ripe for review, we still would not have jurisdiction to do so because the District Court's stay was not a final order under either 28 U.S.C. § 1291 or the collateral order doctrine.
As a rule, a "stay is not ordinarily a final decision for purposes of § 1291, since most stays do not put the plaintiff effectively out of court." Moses H. Cone v. Mercury Construction Corp., 460 U.S. 1, 10 n. 11, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). As we have noted, stay orders that merely have the practical effect of allowing a state court to be the first to rule on a common issue are not appealable. Trent v. Dial Medical of Florida Inc., 33 F.3d 217, 221 (3d Cir.1994) (quoting Moses H. Cone). Nor do we find that plaintiffs fell under the exception to this rule noted in Id-lewild Bon Voyage Liquor Corp. v. Epstein, 370
U.S. 713, 714, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962), because unlike the plaintiff in Idlew-ild, plaintiffs here were not effectively out of court when the stay was granted. See ISAWright, Miller & Cooper 15A Federal Practice and Procedure § 3914.14.
Nor did we have jurisdiction to review the stay under the collateral order doctrine. That doctrine creates a narrow exception allowing us to review certain orders before a final judgment on the merits. Under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), such an order must (1) finally resolve a disputed question, (2) raise an important issue distinct from the merits of the case, and (3) be effectively unreviewable on appeal from a final judgment. We conclude that the District Court’s stay order did not finally resolve a disputed question nor did it raise an important issue distinct from the merits; it merely caused a delay.

. The mere mention of the phrase "as applied” in the statement of the issues in the appellants’ brief is insufficient to raise that issue. See In re Trans World Airlines, 145 F.3d 124, 133 (3d Cir. 1998); Reynolds v. Wagner, 128 F.3d 166, 178 (3d Cir. 1997) ("an argument consisting of no more than a con-clusory assertion ... will be deemed waived"); Southwestern Pa. Growth Alliance v. Browner, 121 F.3d 106, 122 (3d Cir. 1997) ("appellate courts should generally not address legal issues that the parties have not developed through proper briefing”); Commonwealth of Pa. v. HHS, 101 F.3d 939, 945 (3d Cir.1996) (arguments mentioned in passing but not squarely argued will be deemed waived); Laborers' Intern. Union v. Foster Wheeler Energy, 26 F.,3d 375, 398 (3d Cir. 1994) (" 'a passing reference to an issue ... will not suffice to bring that issue before this court' ”) (citation omitted).

. The statement in Elrod that "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury" addresses the requisite duration of a deprivation of First Amendment rights, but does not suggest that a real or threatened deprivation need not occur. In several cases, we have quoted this statement in the course of holding that irreparable injury had been shown, but in all those cases actual or threatened irreparable harm was shown. See Tenafly Eruv Assoc. v. The Borough of Tenafly, 309 F.3d 144, 178 (3d Cir. 2002) (disabled persons and persons with small children unable to attend synagogue); Swartzwelder v. McNeilly, 297 F.3d 228, 241 (3d Cir.2002) (police officer with "demonstrated proclivity to offer expert testimony” prevented from doing so); ACLU v. Reno, 217 F.3d 162, 180 (3d Cir.2000), vacated on other grounds, Ashcroft v. ACLU, 535 U.S. 564, 122 S.Ct. 1700, 152 L.Ed.2d 771 (2002) (web publishers prevented from publishing materials held to be constitutionally protected); Abu-Jamal v. Price, 154 F.3d 128, 136 (3d Cir. 1998) (unconstitutional investigation "both threatened and occurring”); In re Asbestos School Litigation, 46 F.3d 1284, 1294-95 (3d Cir. 1994) (company precluded from engaging in public dialogue on important issue). Cf. In re School Asbestos Litigation, 842 F.2d 671, 679 (3d Cir. 1988) (in applying collateral order doctrine, court holds that loss of right to engage freely in public communications is irreparable injury). It is true that in one of the above cases, we quoted the statement that "[i]n a First Amendment challenge,” a plaintiff who establishes a likelihood of success *443 "will almost certainly" show irreparable harm. ACLU v. Reno, 217 F.3d at 180 (quoting ACLU v. Reno, 929 F.Supp. 824, 866 (E.D.Pa.1996)). But this statement is dictum in an opinion that has been vacated and is inconsistent with governing circuit precedent.