Ronald G. LOEBER, William E. Bombard, William A. Gage, John–Joseph Forjone, Fairlene G. Rabenda, Roy–Pierre Detiege–Cormier, Ronald E. Sacoff, Gabriel Rassano, Edward M. Person Jr., Ad Hoc New York State Citizens for Constitutional Legislative Redistricting, Plaintiffs,

H. William Van Allen, Christopher Earl Strunk, Plaintiffs–Appellants,

v.

Thomas J. SPARGO, individually and as Justice of the NYS Supreme Court, 61 John and Jane Doe NYS Senators, all individually and as state senators past and present, 149 John and Jane Doe NYS Assembly Members, all individually and as past and present, George

---

1. We assume, without deciding, that we have jurisdiction to consider the order denying the first motion. *See Eleby v. American Med. Sys., Inc.*, 795 F.2d 411, 412 (5th Cir.1986).

E. Pataki, individually and as NYS Governor, Randy A. Daniels, NYS Secretary of State with authority and repository for corporations and unincorporated associations service, Eliot L. Spitzer, New York State Attorney General, National Association of Secretaries of State, "Nass", Peter Kosinski, individually and in his official capacity at the Nass, Alberto Gonzales, United States Attorney General, Defendants–Appellees,

Joseph Bruno, Sheldon Silver, Leslie Reynolds, Executive Director for the Executive Committee, Defendants.*

Docket No. 04–5720–CV.

United States Court of Appeals, Second Circuit.

Aug. 15, 2005.

H. William Van Allen, Christopher Earl Strunk, Hurley, NY, for Appellants, pro se.

Jennifer Grace Miller, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, Daniel Smirlock, Deputy Solicitor General, on the brief), Albany, NY, for Appellee.

Present: POOLER, SOTOMAYOR, Circuit Judges, and KORMAN, Chief District Judge.**

* The Clerk of this Court is instructed to alter the caption of this case as shown here to correct minor errors, conform to conventions, and reflect the replacement of John Ashcroft by Alberto Gonzales as United States Attorney General.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal be and it hereby is **DISMISSED** in part, the judgment of said District Court be and it hereby is **VACATED** in part and **REMANDED,** and that the several motions of plaintiffs-appellants be and hereby are **DENIED.**

Plaintiffs-appellants H. William Van Allen and Christopher Earl Strunk appeal from an order of the district court' dismissing sua sponte plaintiffs' claims regarding the conduct of the November 2004 national election and legislative redistricting. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

While not so specified, the dismissal of the election-based claims appears to have been pursuant to Federal Rule of Civil Procedure 12(b)(1). In the absence of any discussion by the district court, we presume that the redistricting claims were dismissed under Federal Rule of Civil Procedure 12(b)(6). We review dismissal under either Rule de novo, accepting all factual allegations of the complaint and drawing all inferences in favor of plaintiffs. *Western Mohegan Tribe and Nation v. Orange County,* 395 F.3d 18, 20 (2d Cir.2004) (per curiam).

The appellants dispute the district court's conclusion that the claims based on the November 2004 election were not, at that time, ripe for review. We do not, and cannot, express any opinion on the correctness of this decision. Because we can no longer alter the conduct of the November

** The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

2004 election, and appellants requested only injunctive relief, these claims are now moot and we are therefore without jurisdiction. *See Church of Scientology v. United States*, 506 U.S. 9, 12–13, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992). Of course, an exception to the mootness doctrine exists where the claim is capable of repetition, yet evading review. *Lerman v. Board of Elections*, 232 F.3d 135, 141 (2d Cir.2000). Here, the appellants election claims have obviously evaded review, but appellants have made no showing that the issue is capable of repetition. We therefore dismiss the appeal as to the election claims.

Turning to the redistricting claims, we note that the district court failed to present any discussion as to its decision to dismiss. Appellees suggest that the order of dismissal was predicated on the failure of the complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). The complaint here, while prolix and burdensome both for the court and for appellees, can nonetheless be read and comprehended to plead at least some claims that are not frivolous on their face. We therefore vacate the district court's order as to the redistricting claims and remand with instructions to permit the filing of an amended complaint that omits unnecessary detail. *Cf. Salahuddin v. Cuomo*, 861 F.2d 40, 42–43 (2d Cir.1988). In reviewing any amended complaint, the district court should be mindful of our well-established principle that pro se complaints are to be construed liberally. *Phillips v. Girdich*, 408 F.3d 124, 127–28 (2d Cir.2005). Furthermore, if a complaint satisfies the "short and plain statement" requirement, it otherwise need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512–13, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

The district court should also be mindful of the requirements of 28 U.S.C. § 2284, and that its inquiry regarding whether to refer the matter to a three-judge panel is limited to 1) "whether the constitutional question raised is substantial"; 2) "whether the complaint at least formally alleges a basis for equitable relief"; and 3) "whether the case presented otherwise comes within the requirements of the three-judge statute." *Idlewild Bon Voyage Liquor Corp. v. Epstein*, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962). A constitutional question is insubstantial only if prior decisions render the issue inescapably frivolous and leave no room for any inference of controversy. *Goosby v. Osser*, 409 U.S. 512, 518, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973).

We have reviewed appellants' additional arguments concerning judicial bias and lack of notice of the October 2004 order to show cause hearing, and find them to be without merit.

Appellants have also made numerous motions before this court, all of which we deny. The motion to supplement the complaint should be made before the district court on remand, and we leave it to the district court to decide whether to permit such amendment. The motions to enjoin the New York Secretary of State to enforce civil rights law protection and to restrain persons elected to the state legislature from taking office are based on the November 2004 election and are now moot. The motion to remand to a three-judge panel is disposed of above by remanding to the district court for consideration of the requirements of Section 2284. The motion for in banc review is denied as it is not clear at this stage that the case implicates the uniformity of our precedent or is of exceptional importance. *See* Fed. R.App. P. 35(a).

For the above reasons, we dismiss the appeal as to the claims based on the conduct of the November 2004 election. We vacate the order of the district court as to the dismissal of the redistricting claims and remand for the district court to permit amendment of the complaint and for consideration of whether to refer the claims to a three-judge panel in accordance with 28 U.S.C. § 2284. We deny the motions filed in this Court on November 12, 2004, and July 1, 2005.